David E. Lovejoy (CSB No. 055283)
102 Reed Ranch Road
TIBURON, CA 94920-2025
TEL: 415-435-8203
FAX: 415-435-8857
e-MAIL: david.lovejoy@sbcglobal.net
Attorney for: Plaintiff AJANTA Corporation,
Plaintiff Kishore Kripalani

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJANTA CORPORATION and Kishore Kripalani<br>Plaintiffs<br>v.<br><br>GAYLORD, LLC and Satpal S. Kohli<br>Defendants. | CASE NO.<br><br>COMPLAINT FOR TRADE NAME AND SERVICE MARK INFRINGEMENT, UNFAIR COMPETITION AND DILUTION, BREACH OF CONTRACT |

AJANTA COMPLAINT

Plaintiff AJANTA Corporation and Plaintiff Kishore Kripalani ("AJANTA"), by and through the undersigned counsel, and for Plaintiffs' complaint and causes of action against the Defendant GAYLORD, LLC. and Defendant Satpal S. Kohli, allege as follows:

**PARTIES**

1. Plaintiff AJANTA is a corporation organized and existing under the laws of the State of California and has a principal place of business at 201 Bridgeway, Sausalito, California 94965-2449.

2. Plaintiff Kishore Kripalani is an individual, is president of and is the owner of AJANTA Corporation and has a regular and established place of business at 201 Bridgeway, Sausalito, California 94965-2449.

3. Defendant GAYLORD, LLC. ("NEVADA RESTAURANT") is a limited liability company organized and existing under the laws of the State of Nevada and has a principal place of business at 3700 W. Flamingo Road, Las Vegas, Nevada 89103-4043.

4. On information and belief, Defendant Satpal S. Kohli an individual, is the managing member of and is an owner of Defendant GAYLORD, LLC. ("NEVADA RESTAURANT") and has a regular and established place of business at 3700 W. Flamingo Road, Las Vegas, Nevada 89103-4043.

**JURISDICTION**

5. This Court has jurisdiction by virtue of 15 U.S.C. §1121(a) {original jurisdiction in trademark cases}, 15 U.S.C. §§ 1125(a) {Federal trademark civil cause of action} and 1125(c) {Federal trademark civil cause of action for dilution of famous marks}, and 28 U.S.C. § 1331{district court original jurisdiction under laws of the United States}, 28 U.S.C. § 1338(a) {original jurisdiction in trademark cases} and § 1338(c) {original jurisdiction in substantial related state unfair competition claims and contract claims}.

**VENUE**

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§1391(b) {judicial district where substantial part of events or omissions occurred or where a substantial part of the property of the action is situated}.

**GENERAL ALLEGATIONS**

**Plaintiff AJANTA's Rights In Mark GAYLORD**

7. Plaintiff AJANTA is the owner in the United States of America, of all right, title and interest in and to the mark GAYLORD and of the goodwill represented by the mark for Restaurant, Catering And Carry-Out services.

8. Plaintiff AJANTA is the owner of Federal Service Mark Registration No 2342158 for the mark GAYLORD, registered on the principal register of the United States Patent and Trademark Office for "Restaurant, Catering And Carry-Out" ser-

vices, a copy of which registration is attached hereto as Plaintiff's EXHIBIT A to AJANTA COMPLAINT.

9. A worldwide network of GAYLORD restaurants, under the famous mark GAYLORD, provides high quality Indian and Tandoori food services, and in the United States of America, the rights in the mark GAYLORD for “Restaurant, Catering And Carry-Out" services are owned by Plaintiff AJANTA.

10. Plaintiff AJANTA owns and operates a number of famous GAYLORD restaurants including the restaurant previously in San Francisco, California, operating under the name GAYLORD INDIA RESTAURANT and located at the famous GHIRARDELLI SQUARE, 900 North Point Street, San Francisco, California 94109 (“GHIRARDELLI RESTAURANT”) and now moved across the bay to Sausalito, California 94965-2449.

11. Plaintiff AJANTA presently owns, operates and/or licenses GAYLORD restaurants including:

the GAYLORD INDIA RESTAURANT 201 Bridgeway, Sausalito, California 94965-2449 (“SAUSALITO RESTAURANT”);

the GAYLORD INDIA RESTAURANT One Embarcadero Center, San Francisco, CA (“SAN FRANCISCO RESTAURANT”);

the GAYLORD (INDIA) RESTAURANT, INC. at 678 N Clark St, Chicago IL 60610-3720 (“CHICAGO RESTAURANT”);

the GAYLORD INDIA RESTAURANT OF SCHAUMBURG at 555 Mall Dr, Schaumburg, IL 60173-5103 (“SCHAUMBURG RESTAURANT”);

the GAYLORD INDIA RESTAURANT at 1501 Fourteenth St., Sacramento, CA 95814-5964 (“SACRAMENTO RESTAURANT”);

**History of GAYLORD Mark**

12. Plaintiff AJANTA's rights in and to the mark GAYLORD are derived from the original GAYLORD restaurant of India. The original GAYLORD restaurant

was established in January, 1952 in New Delhi, India, by Kwality Restaurant and Ice Cream Co., owned in part by Mr. P. L. Lamba and Mr. I. K. Ghai, both Indian nationals. The name GAYLORD was not a common Indian name, but was derived by a combination of GHAI (GAY) and LAMBA (LORD); the two individuals responsible for starting the restaurant network. In 1956, the same company opened a second GAYLORD restaurant in Bombay, India. The service mark GAYLORD has been registered in India in the name of Kwa1ity Restaurant and Ice Cream Co. The GAYLORD restaurants of India acquired a reputation in India for excellence of food and service, and the Indian Government granted a commission to the Indian GAYLORD restaurants to operate a restaurant at the Indian Pavilion at the New York Worlds Fair in 1964-1965.

13. The expansion of the network of GAYLORD restaurants to London, England; Kobe, Japan; Hong Kong; Kowloon; Bangkok, Thailand; New York, Chicago and San Francisco is summarized in the case CHOPRA et al v. KAPUR, 185 U.S.P.Q. (BNA) 195 (N.D. Cal. 1974), 1974 WL 20256, a copy of which is attached hereto as Plaintiff's EXHIBIT B to AJANTA COMPLAINT.

14. The rights in and to the mark GAYLORD were acquired in the United States of America by Krishan Chopra, an individual now deceased.

15. Krishan Chopra as an individual and as an owner and President of the CHICAGO RESTAURANT formed in California with others the California corporation named Hotel Restaurant Holding Company, Inc. ("HRHI").

16. HRHI is the predecessor of Plaintiff AJANTA.

17. HRHI was formed by Krishan Chopra (then owner of the CHICAGO RESTAURANT) by Kishore Kripalani (owner of GAYLORD INDIA RESTAURANT then located at GHIRARDELLI SQUARE, 900 North Point Street, San Francisco, California, the GHIRARDELLI RESTAURANT) and by others to consolidate all the rights in the United States of America in and to the mark GAYLORD for restaurant and other food services offering Indian, Tandoori and other foods.

18. All the rights in the United States of America in and to the mark GAYLORD were transferred to HRHI from Krishan Chopra by ASSIGNMENT OF TRADEMARK "GAYLORD" on or about June 16, 1981.

19. Plaintiff's predecessor HRHI transferred all rights in the mark GAYLORD to Plaintiff AJANTA by an assignment entitled HRHI/AJANTA ASSIGNMENT OF TRADEMARK AND GOODWILL on or about October 15, 1997, a copy of which is attached hereto as Plaintiff's EXHIBIT C to AJANTA COMPLAINT.

20. Plaintiff AJANTA, through HRHI (Plaintiff AJANTA's predecessors in interest) through Plaintiff AJANTA's own operations and through operation of Plaintiff AJANTA's licensees, has beneficially received extensive public recognition for restaurant services under the mark GAYLORD, and Plaintiff AJANTA and Plaintiff AJANTA's licensees enjoy a United States, worldwide and famous reputation for high-quality food and superior service in providing authentic Indian and Tandoori cuisine under the famous mark GAYLORD.

**History of NEVADA RESTAURANT**

21. The Defendant GAYLORD, LLC was organized and started doing business in Las Vegas, Nevada on or about May 31, 2002.

22. The Defendant GAYLORD, LLC since on or about May 31, 2002 operated the GAYLORD INDIA RESTAURANT under a lease ("Lease") dated April 30, 2002 from Rio Properties, Inc. doing business as Rio All Suite Hotel & Casino, 3700 W. Flamingo Road, Las Vegas, NV 89103-4043 ("Landlord").

23. For the period from about May 31, 2002, at least until about 17th June 2004, Plaintiff Kripalani was one of the owners of Defendant GAYLORD, LLC (doing business as "Gaylord India Restaurant" and referred to herein as Defendant NEVADA RESTAURANT).

24. Plaintiff Kripalani organized, setup and managed the operation of the NEVADA RESTAURANT based upon his knowledge and experience with other restaurants operating under the GAYLORD name and mark.

25. Plaintiff Kripalani traveled frequently from the GHIRARDELLI RESTAURANT in San Francisco to the NEVADA RESTAURANT in Las Vegas to establish the good will associated with the GHIRARDELLI RESTAURANT with common customers of the NEVADA RESTAURANT and the GHIRARDELLI RESTAURANT.

26. Plaintiff Kripalani persuaded California suppliers of goods and services to the GHIRARDELLI RESTAURANT in San Francisco to provide goods and services not available in Nevada to the NEVADA RESTAURANT so that the same high quality of goods and services made available to the GHIRARDELLI RESTAURANT were made available to the NEVADA RESTAURANT.

27. Plaintiff Kripalani as an owner of and while actually managing the NEVADA RESTAURANT permitted the use of the trademark GAYLORD in connection with the NEVADA RESTAURANT.

28. On or about the 17th June 2004, Defendant Satpal S. Kohli, Defendant NEVADA RESTAURANT and Plaintiff Kripalani entered into a MEMBERSHIP INTEREST PURCHASE AGREEMENT ("Purchase Agreement") to sell Plaintiff Kripalani's interest in the NEVADA RESTAURANT to Defendant Satpal S. Kohli.

29. Under the terms of the Purchase Agreement, Defendant Satpal S. Kohli and Defendant NEVADA RESTAURANT were obligated to make quarterly payments to Plaintiff Kripalani.

30. Pursuant to the Purchase Agreement, Defendant Satpal S. Kohli and Defendant NEVADA RESTAURANT started making such quarterly payments.

31. The quarterly payments are not now being made and Defendant Satpal S. Kohli and Defendant NEVADA RESTAURANT are in breach of the Purchase Agreement.

32. In order to be able to continue to use the name GAYLORD, Defendant Satpal S. Kohli and Defendant NEVADA RESTAURANT were obligated to enter into a trademark license agreement with Plaintiff AJANTA.

33.   Plaintiff AJANTA offered a royalty-bearing license under the trademark GAYLORD to Defendant NEVADA RESTAURANT and to Defendant Satpal S. Kohli and Defendant NEVADA RESTAURANT and Defendant Satpal S. Kohli refused such offer and refused any license to use the mark GAYLORD.

34.   Plaintiff AJANTA notified Defendant Satpal S. Kohli and Defendant NEVADA RESTAURANT that the operation of Defendant NEVADA RESTAURANT using the mark GAYLORD was an infringement of the trademark rights of Plaintiff AJANTA in the mark GAYLORD.

35.   Plaintiff AJANTA demanded that Defendant Satpal S. Kohli and Defendant NEVADA RESTAURANT cease using the mark GAYLORD in connection with the business of Defendant NEVADA RESTAURANT.

36.   Notwithstanding the demand by Plaintiff AJANTA that Defendant Satpal S. Kohli and Defendant NEVADA RESTAURANT cease using the trademark GAYLORD, Defendant Satpal S. Kohli and Defendant NEVADA RESTAURANT continue to wrongfully use the mark GAYLORD in violation of the rights of Plaintiff AJANTA.

**Past Use Of The Mark GAYLORD By And For Plaintiff AJANTA**

37.   Since opening in 1976, the GAYLORD INDIA RESTAURANT's owned, operated or licensed by and for the benefit of Plaintiff AJANTA have expanded the public reputation and public recognition of the famous mark GAYLORD for "Restaurant, Catering and Carry-Out" services as evidenced by information including numerous awards, numerous articles in magazines, newspapers and books, numerous advertisements and numerous and wide-spread publication of information on the World Wide Web and otherwise.

38.   Early examples of the information adding to the public reputation and public recognition of Plaintiff AJANTA's mark GAYLORD include the following from the years 1976 and 1977:

A feature article in the monthly publication, CALIFORNIA CRITIC, a magazine that surveyed restaurants throughout California, pages 1 through 4 of the December, 1976 issue are attached hereto as Plaintiff's EXHIBIT D to AJANTA COMPLAINT.

A feature article in the monthly magazine GOURMET, a prestigious magazine which reviewed high quality restaurants, pages 4 and 5 of the May 1977 issue are attached hereto as Plaintiff's EXHIBIT E to AJANTA COMPLAINT.

39. Over the period from 1976 until the present date in 2007, numerous articles, reviews and awards for the benefit and acclaim of Plaintiff AJANTA, under the famous mark GAYLORD, have occurred and the public has long identified Plaintiff AJANTA's now famous mark GAYLORD as a source of restaurant food and services of superior quality.

40. Over the period from 1976 until the present date in 2007, Plaintiff AJANTA, and Plaintiff AJANTA's licensees and predecessors have had regular and extensive radio, newspaper, magazine, and other advertisements throughout the United States of America and foreign countries under the mark GAYLORD for the benefit of Plaintiff AJANTA and Plaintiff AJANTA’s GAYLORD INDIA RESTAURANTs.

41. Plaintiff AJANTA and Plaintiff AJANTA's licensees in the United States of America, for the benefit of Plaintiff AJANTA, have spent in excess of two and one-half million dollars in advertisements for Indian and Tandoori food services under the mark GAYLORD.

42. Plaintiff AJANTA's mark GAYLORD for Indian and Tandoori food services is famous.

43. Recent examples of the information adding to the public reputation and public recognition of Plaintiff AJANTA's famous mark GAYLORD for Indian and Tandoori food services include the following:

advertisements in the *India-West* newspaper, a sample ad from February 23, 2007 is attached hereto as Plaintiff's EXHIBIT F to AJANTA COMPLAINT.

advertisements in the magazine *NIRVANA Woman*, a sample ad from Spring 2006, ISSUE 6 is attached hereto as Plaintiff's EXHIBIT G to AJANTA COMPLAINT.

advertisements in the publication *THE GREAT RESTAURANTS of America* by *Gourmet* & *Bon Appetit*, a sample ad from December 2006 is attached hereto as Plaintiff's EXHIBIT H to AJANTA COMPLAINT.

**<u>Violation of Plaintiff AJANTA's Rights in the Mark GAYLORD By Defendant NEVADA RESTAURANT.</u>**

44. Upon information and belief, Defendant NEVADA RESTAURANT operates and advertises under the name GAYLORD INDIA RESTAURANT in violation of Plaintiff AJANTA's rights in the mark GAYLORD.

45. Defendant NEVADA RESTAURANT's ads appear on the *Nevada Restaurant Association* web page regularly appearing on the World Wide Web in the northern district of California and otherwise throughout the United States and the world, an example of which (downloaded on 05/29/2007 in Northern California) is attached hereto as Plaintiff's EXHIBIT I to AJANTA COMPLAINT.

46. The ad of Plaintiff's EXHIBIT I identifies Defendant NEVADA RESTAURANT with the computer web-linkable text "Gaylord India Restaurant at the Rio". Clicking using a computer and taking that link misleadingly resulted in the display of Plaintiff's SAUSALITO RESTAURANT's web page and not Defendant's

NEVADA RESTAURANT's web page. A copy of Plaintiff Ajanta's web page (downloaded on 05/29/2007 in Northern California) as a result of taking the link from Defendant's NEVADA RESTAURANT link "Gaylord India Restaurant at the Rio" is attached hereto as Plaintiff's EXHIBIT J to AJANTA COMPLAINT.

47. Defendant NEVADA RESTAURANT's advertisements using the name GAYLORD and "Gaylord India Restaurant" have appeared regularly in interstate commerce in the northern district of California and through-out the United States on the World Wide Web and otherwise and such advertisements are juxtaposed advertisements for the Plaintiff's restaurants, and Plaintiff's licensee's restaurants, a sample MSN Search web page using the search argument "Gaylord India Restaurant" (downloaded on 05/29/2007 in Northern California) is attached hereto as Plaintiff's EXHIBIT K to AJANTA COMPLAINT.

48. Defendant NEVADA RESTAURANT's advertisements using the name GAYLORD and "Gaylord India Restaurant" have appeared regularly in interstate commerce in the northern district of California and through-out the United States in advertisements in the same newspapers as advertisements for the Plaintiff's restaurants, and Plaintiff's licensee's restaurants. Defendant NEVADA RESTAURANT's advertisement in *INDIA-WEST* in February of 2007 is attached hereto as Plaintiff's EXHIBIT L to AJANTA COMPLAINT.

49. Defendant NEVADA RESTAURANT's advertisements using the name GAYLORD and "Gaylord India Restaurant" have appeared regularly in interstate commerce in the northern district of California and through-out the United States in advertisements on the Web. Defendant NEVADA RESTAURANT's advertisement in the *Dinner Menu* (downloaded on 05/29/2007 in Northern California) is attached hereto as Plaintiff's EXHIBIT M to AJANTA COMPLAINT.

50. AJANTA's owned and licensed GAYLORD restaurant businesses enjoy a United States and worldwide reputation and Defendant NEVADA RESTAURANT

is intentionally trading on Plaintiff AJANTA's reputation and intentionally causing dilution of Plaintiff AJANTA's famous mark GAYLORD.

51. Defendant NEVADA RESTAURANT's use of Plaintiff AJANTA's famous mark GAYLORD in advertisements appearing in the northern district of California dilutes a substantial part of the property rights existent in the mark GAYLORD in the northern district of California.

52. Defendant NEVADA RESTAURANT is using Plaintiff AJANTA's mark GAYLORD and, upon information and belief, plans to continue to use the mark GAYLORD in complete and wanton disregard of Plaintiff AJANTA's rights in and to the service mark GAYLORD.

53. Defendant NEVADA RESTAURANT's use of the mark GAYLORD is likely to cause confusion, mistake and deception with respect to Plaintiff AJANTA's mark GAYLORD, and Defendant NEVADA RESTAURANT upon information and belief, will continue to use Plaintiff AJANTA's mark GAYLORD unless enjoined by this Court.

54. Defendant NEVADA RESTAURANT's use of the mark GAYLORD has caused actual confusion to patrons of Plaintiff AJANTA's GAYLORD INDIA RESTAURANT in Sausalito, and if such use continues, such use will aggravate, to an immeasurable extent, the confusion, mistake and deception which has been caused by Defendant NEVADA RESTAURANT.

55. Kishore Kripalani, chief executive officer of Plaintiff AJANTA, is frequently in the GAYLORD INDIA RESTAURANT in Sausalito and he has had numerous patrons express to him a belief that the restaurant of Defendant NEVADA RESTAURANT is sponsored by and is connected with the SAUSALITO RESTAURANT.

56. In order to overcome the confusion, mistake and deception already caused by Defendant NEVADA RESTAURANT's wrongful acts, many thousands of

dollars of corrective advertisements will be required by Plaintiff AJANTA and Plaintiff AJANTA's licensees.

**FIRST CAUSE OF ACTION**

57. This First Cause of Action arises under the Trademark Laws of the United States, in particular, under Section 43(a) of the Trademark Act of July 5, 1946, 15 U.S.C. § 1125 (a).

58. Plaintiff AJANTA adopts and re-avers the allegations of the foregoing paragraphs 1 through 56.

59. Defendant NEVADA RESTAURANT’s and Defendant Satpal S. Kohli 's aforesaid acts constitute a false designation of origin and a false description or representation as to Defendant NEVADA RESTAURANT's services within the meaning of 15 U.S.C. § 1125(a); and if said acts are continued, they will cause further irreparable and substantial damage to Plaintiff AJANTA and will result in Defendant NEVADA RESTAURANT being unjustly enriched and will permit Defendant NEVADA RESTAURANT and Defendant Satpal S. Kohli to unlawfully derive profits and gains.

**SECOND CAUSE OF ACTION**

60. As a separate and related Second Cause of Action for unfair competition and deceptive trade practice under the laws of the State of California, Plaintiff AJANTA adopts and re-avers the allegations of the foregoing paragraphs 1 through 59.

61. This Second Cause of Action arises under the common law of unfair competition and under the California Business and Professions Code §§ 17200_17208. This Court has jurisdiction of this Second Cause of Action by virtue of 28 U.S.C. § 1338(b) since this Second Cause of Action has substantial and related claims to the First Cause of Action.

62. The aforesaid acts of Defendant NEVADA RESTAURANT and Defendant Satpal S. Kohli are likely to cause the trade and public erroneously to be-

lieve that the Defendant NEVADA RESTAURANT and Defendant Satpal S. Kohli are operating their restaurant business in collaboration with or under license from Plaintiff AJANTA, that the Defendant NEVADA RESTAURANT's services are guaranteed by Plaintiff AJANTA, or that Defendant NEVADA RESTAURANT and/or Defendant Satpal S. Kohli is otherwise associated with Plaintiff AJANTA, and said acts are calculated to pass off Defendant NEVADA RESTAURANT's services as those of Plaintiff AJANTA whereby the business reputation of Plaintiff AJANTA has been and is being injured and Plaintiff AJANTA is otherwise being substantially and irreparably harmed. Defendant NEVADA RESTAURANT's and/or Defendant Satpal S. Kohli's aforesaid unlawful conduct constitutes unfair competition and deceptive trade practice under the common law and the laws of the state of California; specifically California Business and Professions Code §§ 17200_17208.

**THIRD CAUSE OF ACTION**

63. As a separate and related Third Cause of Action for unfair competition and deceptive trade practice under the laws of the state of California, Plaintiff AJANTA adopts and re-avers the allegations of the foregoing paragraphs 1 through 59.

64. This Third Cause of Action arises under § 17500, et seq. of the California Business and Professions Code, and specifically § 17500 and § 17535. This Court has jurisdiction of this Third Cause of Action by virtue of 28 U.S.C. § 1338(b) since this Third Cause of Action has substantial and related claims to the First Cause of Action.

65. Defendant NEVADA RESTAURANT's use of the trade name and service mark GAYLORD in conjunction with the advertising and offering of restaurant services simulates and emulates Plaintiff AJANTA's established service mark and trade name GAYLORD, and such use constitutes use which is known to Defendant NEVADA RESTAURANT and Defendant Satpal S. Kohli, or which by the exercise of reasonable care should be known to Defendant NEVADA RESTAURANT and Defendant Satpal S. Kohli, to be misleading; therefore, such use constitutes unfair

competition and unfair trade practices within the prohibition of the California Statutes above enumerated, all to the irreparable harm and damage of Plaintiff AJANTA and the public.

**FOURTH CAUSE OF ACTION**

66. As a separate and related Fourth Cause of Action for trade name infringement under the common law and laws of the state of California, Plaintiff AJANTA adopts and re-avers the allegations of the foregoing paragraphs 1 through 59.

67. This Cause of Action arises under the common law and under the California Business and Professions Code § 14400 and § 14402. This Court has jurisdiction of this Fourth Cause of Action by virtue of 28 U.S.C. § 1338(b) since this Fourth Cause of Action has substantial and related claims to the First Cause of Action.

68. The aforesaid acts of Defendant NEVADA RESTAURANT and Defendant Satpal S. Kohli have violated and infringed upon the ownership rights of Plaintiff AJANTA in the trade name GAYLORD in direct violation of California Business and Professions Code § 14400 and § 14402.

**FIFTH CAUSE OF ACTION**

69. As a separate and related Cause of Action for dilution under the laws of the state of California, Plaintiff AJANTA adopts and re-avers the allegations of the foregoing paragraphs 1 through 59.

70. This Fifth Cause of Action arises under California Business and Professions Code § 14330. This Court has jurisdiction of this Fifth Cause of Action by virtue of 28 U.S.C. § 1338(b) since this Fifth Cause of Action has substantial and related claims to the First Cause of Action.

71. In view of the long, extensive worldwide use of the distinctive service mark GAYLORD by Plaintiff AJANTA in conjunction with licensed restaurants and food and beverage catering services, the adoption and use of the substan-

tially identical service mark GAYLORD by Defendant NEVADA RESTAURANT and the continued use of the service mark GAYLORD by Defendant NEVADA RESTAURANT has and will continue to create the likelihood of injury to the business reputation of Plaintiff AJANTA's established business and the high regard in which Plaintiff AJANTA's restaurant and catering services are held by the public, and will dilute the distinctive quality of Plaintiff AJANTA's service mark GAYLORD, in direct violation of Section 14330 of the California Business and Professions Code.

**SIXTH CAUSE OF ACTION**

72. As a separate and related Cause of Action for unfair competition under the common law, Plaintiff AJANTA adopts and re-avers the allegations of the foregoing paragraphs 1 through 59.

73. Upon information and belief, Defendant NEVADA RESTAURANT with the support and participation of Defendant Satpal S. Kohli intentionally and deliberately planned and offered restaurant services under the mark and name GAYLORD in a conscious and determined attempt to simulate Plaintiff AJANTA's distinctive mark and name with the deliberate intent of attaining market acceptance for Defendant NEVADA RESTAURANT's services based on the merit, reputation and goodwill built up over many years by Plaintiff AJANTA in conjunction with the restaurant and catering services and activities operated and licensed under the mark GAYLORD.

**74.** Such actions by Defendant NEVADA RESTAURANT enable Defendant NEVADA RESTAURANT to compete unfairly with Plaintiff AJANTA by palming off Defendant NEVADA RESTAURANT's restaurant services as those of Plaintiff AJANTA, or as those which are in some way related to or sanctioned or endorsed by Plaintiff AJANTA, all to Plaintiff AJANTA's and the public's irreparable harm and damage.

**SEVENTH CAUSE OF ACTION**

75. As a separate and related Cause of Action for unfair competition

under the common law, Plaintiff AJANTA adopts and re-avers the allegations of the foregoing paragraphs 1 through 59.

76. Defendant NEVADA RESTAURANT under the Purchase Agreement was obligated to pay Plaintiff AJANTA a fee based upon a percentage of Defendant NEVADA RESTAURANT's revenue and Defendant NEVADA RESTAURANT has stopped paying the fee.

77. Defendant NEVADA RESTAURANT's failure to pay the fee is a breach of contract.

78. This Court has jurisdiction of this Seventh Cause of Action by virtue of 28 U.S.C. § 1338(b) since this Seventh Cause of Action has substantial and related claims to the First Cause of Action.

79. This complaint includes the aforementioned EXHIBITS A through K identified as follows:

| EXHIBIT | TITLE | PAGES |
|---|---|---|
| A | Federal Service Mark Registration No 2342158 | 1 |
| B | CHOPRA et al v. KAPUR, 185 U.S.P.Q. (BNA) 195 (N.D. Cal. 1974) | 6 |
| C | HRHI/AJANTA ASSIGNMENT OF TRADEMARK AND GOOD-WILL | 2 |
| | | |
| D | *CALIFORNIA CRITIC* | 3 |
| E | *GOURMET* | 2 |
| F | *INDIA-WEST* | 1 |
| G | *NIRVANA Woman* | 1 |
| H | *THE GREAT RESTAURANTS of America* | 1 |
| | | |
| I | NEVADA RESTAURANT ASSOCIATION | 2 |
| J | SAUSALITO RESTAURANT | 1 |
| K | WEB Search | 2 |
| L | *INDIA-WEST* | 1 |
| M | NEVADA RESTAURANT | 1 |

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff AJANTA Demands:

1 Judgment that Defendant Satpal S. Kohli and Defendant NEVADA RESTAURANT, its agents, employees, officers, servants and all persons in active concert or participation therewith, and each of them, and their successors and assigns, be preliminarily and permanently enjoined:

a From further use of the name GAYLORD, either alone or in combination with other words or symbols, in the conduct of any business, or in any designation as the source of services provided or to be provided;

b From otherwise engaging in unfair and deceptive trade practices and unfair competition; and

c From further damaging Plaintiff AJANTA's goodwill and reputation and diluting the distinctiveness of Plaintiff AJANTA's service mark rights by holding Defendant NEVADA RESTAURANT out as having some business relationship with Plaintiff AJANTA or any of Plaintiff AJANTA's licensees.

2 Judgment that Defendant Satpal S. Kohli and Defendant NEVADA RESTAURANT is preliminarily and permanently enjoined from deceiving the public and competing unfairly with Plaintiff AJANTA by advertising, promoting and offering services of any type utilizing the mark and name GAYLORD or any variations thereof which are confusingly similar to the Plaintiff AJANTA's mark and name GAYLORD.

3 Judgment that Defendant Satpal S. Kohli and Defendant NEVADA RESTAURANT deliver up for destruction by this Court or Plaintiff AJANTA, all advertising and promotional materials, menus, guest checks, signs, displays, business stationery and calling cards, computer software, electronic files and images, and any and all other printed or electronic information or matter of any

type, including the plates or other mechanical or electrical means for producing the same, which bear thereon the infringing and unfairly competing indicia consisting of the mark and name GAYLORD or any other variations thereof which are colorable imitations of, or confusingly similar to, Plaintiff AJANTA's mark and name GAYLORD.

4 Judgment that an accounting be had and judgment rendered against Defendant NEVADA RESTAURANT for:

a All profits, gains and advantages received or realized by Defendant NEVADA RESTAURANT since commencement of Defendant NEVADA RESTAURANT's infringing and unfairly competing activities;

b All fees due; and

c All damages sustained by Plaintiff AJANTA and Plaintiff AJANTA's licensees resulting from Defendant NEVADA RESTAURANT's infringing actions and Defendant NEVADA RESTAURANT's acts of unfair competition.

5 Judgment that Defendant Satpal S. Kohli and Defendant NEVADA RESTAURANT pay to Plaintiff AJANTA reasonable attorneys' fees and all costs of this action, and that damages awarded be trebled or otherwise increased to the fullest extent permitted by law because of the willful and deliberate nature of the infringing and unfair activities of Defendant NEVADA RESTAURANT.

6 Judgment that Defendant Satpal S. Kohli and Defendant NEVADA RESTAURANT pay to Plaintiff AJANTA punitive damages to the fullest extent permitted by law and equity as required in the interests of justice because of the willful and deliberate nature of the infringing and unfair activities of Defendant NEVADA RESTAURANT.

7 Judgment that Defendant Satpal S. Kohli and Defendant NEVADA RESTAURANT pay to Plaintiff AJANTA $750,000 for advertising expenses required to

correct the misleading, false and deceiving image created by Defendant NEVADA RESTAURANT's acts.

8 Judgment deeming this to be an "exceptional" case within the meaning of 35 U.S.C. §285, entitling Plaintiff AJANTA to an award of its reasonable attorneys' fees, expenses and costs in this action; and

9 Judgment awarding such other and further relief as this Court may deem fair and just.

Dated: May 30, 2007

By:

__________________________

*holograph signature*

/S/ David E. Lovejoy

David E. Lovejoy*
Attorney for Plaintiffs
AJANTA Corporation
Kishore Kripalani

*I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this document.