1   WEIDE & MILLER, LTD.
    Gregory F. Buhyoff
2   California State Bar No. 141437
    Bank of Nevada Bldg., Suite 530
3   7251 W. Lake Mead Blvd.
    Las Vegas, Nevada 89128
4   Tel: (702) 382-4804
    e-Mail: GBuhyoff@weidemiller.com
5   Fax: (702) 382-4805

6   Attorneys for Defendants Gaylord, LLC
    and Satpal S. Kohli
7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12

13

14  AJANTA CORPORATION and KISHORE      )   CASE NO. C07-2823 MJJ
    KRIPALANI,                          )
15                                      )   Date:        September 11, 2007
                 Plaintiffs,            )   Time:        9:30 a.m.
16                                      )   Courtroom:   11, 19th Floor
           vs.                          )   Before:      The Honorable Judge
17                                      )                Martin J. Jenkins
    GAYLORD, LLC and SATPAL S. KOHLI,   )
18                                      )
                                        )   NOTICE OF MOTION AND MOTION TO
19               Defendants.            )   DISMISS FOR LACK OF PERSONAL
                                        )   JURISDICTION, TO DISMISS FOR
20                                      )   IMPROPER VENUE OR IN THE
                                        )   ALTERNATIVE TO TRANSFER FOR
21                                      )   IMPROPER VENUE (28 USC §1406(a))
                                        )   OR IN ALTERNATIVE TO TRANSFER
22                                      )   FOR CONVENIENCE (28 USC §1404(a))
                                        )
23                                      )
                                        )
24  _____)

25       **TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD**:

26       PLEASE TAKE NOTICE THAT ON September 11, 2007 at 9:30 a.m., or as soon

27  thereafter as counsel may be heard, before the Honorable Judge Martin J. Jenkins, in Courtroom

28  11, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, Defendants Gaylord, LLC

and Satpal S. Kohli (hereinafter collectively "Defendants") will and hereby do move this Court

to (1) dismiss this action against Defendants on the grounds that this Court lacks personal

jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and/or that venue is improper

pursuant to Federal Rule of Civil Procedure 12(b)(3) and/or 28 U.S.C. § 1406(a), or (2) in the

alternative, to transfer this case for improper venue pursuant to 28 USC §1406(a) or for

convenience pursuant to 28 USC §1404(a) to the United States District Court for the District of

Nevada (hereinafter "District of Nevada").

This motion is based on this Notice of Motion and Motion, the following Memorandum

of Points and Authorities, the Declaration of Satpal. S. Kohli filed concurrently herewith, the

proposed Order submitted herewith, the papers, records and pleadings on file herewith, and any

oral arguments that counsel may make on the hearing to be held on this matter.

Date: July 22, 2007

> Respectfully submitted,
>
> **WEIDE & MILLER, LTD.**
>
> Gregory F. Buhyoff
>
> By____/S/ Gregory F. Buhyoff_____
>
>    Gregory F. Buhyoff, Esq.
>
> Attorneys for Defendants
> Gaylord, LLC and Satpal S. Kohli

1  WEIDE & MILLER, LTD.
   Gregory F. Buhyoff
2  California State Bar No. 141437
   Bank of Nevada Bldg., Suite 530
3  7251 W. Lake Mead Blvd.
   Las Vegas, Nevada 89128
4  Tel: (702) 382-4804
   e-Mail: GBuhyoff@weidemiller.com
5  Fax: (702) 382-4805

6  Attorneys for Defendants Gaylord, LLC
   and Satpal S. Kohli
7

8

9
                    **UNITED STATES DISTRICT COURT**
10
                  **NORTHERN DISTRICT OF CALIFORNIA**
11
                      **SAN FRANCISCO DIVISION**
12

13

14  AJANTA CORPORATION and KISHORE       )    CASE NO. C07-2823 MJJ
15  KRIPALANI,                            )
                                          )    Date:         September 11, 2007
16            Plaintiffs,                 )    Time:         9:30 a.m.
                                          )    Courtroom:    11, 19th Floor
17       vs.                              )    Before:       The Honorable Judge
                                          )                  Martin J. Jenkins
18  GAYLORD, LLC and SATPAL S. KOHLI,     )
                                          )
19                                        )    **MEMORANDUM OF POINTS AND**
              Defendants.                 )    **AUTHORITIES IN SUPPORT OF**
20                                        )    **MOTION TO DISMISS FOR LACK OF**
                                          )    **PERSONAL JURISDICTION(12(b)(2),**
21                                        )    **IMPROPER VENUE 12(b)(3) OR IN THE**
                                          )    **ALTERNATIVE TO TRANSFER FOR**
22                                        )    **IMPROPER VENUE (28 USC §1406(a))**
                                          )    **OR IN ALTERNATIVE TO TRANSFER**
23                                        )    **FOR CONVENIENCE (28 USC §1404(a))**
24                                        )
   ───────────────────────────────────   )
25

26            **I.    STATEMENT OF ISSUES TO BE DECIDED**

27  A.    Should the United States District Court for the Northern District of California (hereinafter

28  "this Court") dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2) because it lacks personal

1    jurisdiction over Defendant Gaylord, LLC ("Defendant Gaylord") and/or Defendant Satpal S.

2    Kohli ("Defendant Kohli")?

3    B.    Should this Court dismiss this case pursuant to Fed. R. Civ. P. 12(b)(3) because this

4    Court is an improper venue for this action?

5    C.    Should this Court transfer this case to the District of Nevada pursuant to 28 U.S.C.

6    §1406(a) because this Court is an improper venue for this action?

7    D.    Should the Court transfer this case to the District of Nevada for convenience pursuant to

8    28 U.S.C. §1406(a)?

9              II.        **STATEMENT OF RELEVANT FACTS**

10           A more detailed recitation of the relevant facts is set forth in the Declaration of Satpal S.

11   Kohli (hereinafter "Kohli Dec.") on file herein.

12

13           Defendant Gaylord, a Nevada limited liability company, was established on May 31,

14   2002 by Plaintiff Kishore Kripalani (referred to hereinafter as "Plaintiff Kripalani" or "Mr.

15   Kripalani"). *See* Complaint ¶ 21, Kohli Dec. ¶ 5 Mr. Kripalani is also the owner of Plaintiff

16   Ajanta Corporation (hereinafter "Plaintiff Ajanta" or "Ajanta"). *See* Complaint ¶ 2.

17

18           Since approximately February, 2003, Gaylord, LLC has been operating a Gaylord Indian

19   Restaurant (hereinafter the "Nevada Restaurant") in the Rio Hotel, 3700 W. Flamingo Road, Las

20   Vegas, Nevada 89103 pursuant to a Restaurant Lease Agreement (hereinafter the "Rio Lease")

21

22   between Gaylord, LLC as Tenant and Rio Properties, Inc., a Nevada corporation, as Landlord.

23   Kohli Dec. ¶ 6    Article 5.7 of the Rio Lease states:

24           "the trade name and mark under which the Demised Premises shall be operated is
             "Gaylord's. Landlord and Tenant agree that, without regard to whether the same
25           is registered or capable of registration, all rights to such trade name and mark and
             to all concepts, proprietary ideas or designs relating thereto (collectively and
26           separately, trade name) belong, and shall belong to and be owned by Tenant.
             Tenant shall not use or occupy the Demised Premises under any other trade name
27           without Landlord's prior written consent."

28

Kohli Dec. ¶ 7    Article 26.14 of the Rio Lease meanwhile states that "This Lease shall be governed by and construed in accordance with the law of the State of Nevada, without regarding to the principles of conflicts of law."  Kohli Dec. ¶ 8.

Plaintiff Kishore Kripalani (hereinafter "Plaintiff Kripalani") was the organizer and original managing member of Gaylord, LLC.  *See* Complaint at ¶ 24,   Kohli Dec. ¶ 10    The Operating Agreement of Gaylord, LLC ("Operating Agreement") is governed by Nevada law. Kohli Dec. ¶ 21.

In early 2004, during a visit to Las Vegas, Nevada, Plaintiff Kripalani expressed interest in selling his then 50% membership interest in Gaylord, LLC to Defendant Kohli. Kohli Dec. ¶ 11    On or about June 17, 2004, Plaintiff Kripalani and Defendant Kohli entered into a MEMBERSHIP INTEREST PURCHASE AGREEMENT ("MIPA") which was signed in Las Vegas, Nevada.  Kohli Dec. ¶ 12    Article 13 of the MIPA states that the MIPA "shall be construed in accordance with, and governed by, the laws of the State of Nevada as applied to contracts that are executed and performed entirely in Nevada."  Kohli Dec. ¶ 13

The MIPA required Defendant Kohli, as the "Purchaser", to pay Plaintiff Kripalani, as the "Seller", $275,000 for Plaintiff Kripalani's membership interest in Defendant Gaylord, LLC. Kohli Dec. ¶ 14    This amount has been paid in full.  *Id.*  In addition, Article 14 of the MIPA states that Gaylord, LLC, defined as the "Company"[1] "shall pay to Seller[2] a "franchise fee" based on Two Percent (2%) of the gross revenue received from the operation of the Restaurant and any other revenue received under the Gaylord name (the "Restaurant Franchise Fee"), to be paid to Seller on a quarterly basis." Kohli Dec. at ¶ 15    Under the MIPA, neither Plaintiff

---

[1]  The MIPA defines "Company" as "Gaylord, LLC.  Kohli Dec. at ¶ 15

[2]  Defined in the MIPA as Mr. Kripalani, not Ajanta Corporation, the purported owner of the GAYLORD trademark. Kohli Dec. ¶ 15

Kripalani nor Plaintiff Ajanta retains the right to exercise control over the quality of the restaurant services provided by the Nevada Restaurant, and neither Plaintiff has ever exercised such control. Kohli Dec. ¶ 16    Under the MIPA, neither Plaintiff Kripalani nor Plaintiff Ajanta is obligated to provide technical assistance to the Nevada Restaurant, nor has either Plaintiff ever provided such technical assistance.  Kohli Dec. ¶ 17  In a separate letter, the parties to the MIPA agreed to enter into a "License Agreement", but have been unable to reach agreement on the terms of such "License Agreement."  Kohli Dec. ¶ 18

The poor financial performance of the Nevada Restaurant prompted Defendant Gaylord to propose that the 2% of gross revenue franchise fee be replaced with a flat monthly fee of $1,000.  In December 2005, Mr. Kripalani agreed to this, but then went back on his word.  Kohli Dec. ¶ 19

Plaintiff has asserted claims for trademark infringement and trademark dilution under federal law, "unfair competition" under California law, and breach of contract.  Defendant Kohli anticipates filing counterclaims against Plaintiff Kripalani for, amongst others, (i) breach of representations and warranties in the MIPA, (ii) indemnification under the MIPA, and (iii) breach of fiduciary duty.  Kohli Dec. ¶ 28  Defendants also intend to assert equitable defenses based on Nevada law, including but not limited to estoppel and waiver. *Id.*

Defendant Gaylord: (i) has provided its restaurant service in Las Vegas, Nevada only, (ii) has no subsidiaries or controlled entities in California, (iii) is not authorized to do business in California, (iii) has no agent for service of process in California, (iv) has no office or telephone in California, (v) has no employees in California, (vi) is not supplied with goods from vendors in California.   Kohli Dec. at ¶ 22   All of the books and records of Gaylord, LLC are in Nevada. *Id.*.

Defendant Kohli is domiciled in the State of Nevada. Kohli Dec. at ¶ 3    He does not maintain any office in California and has no telephone within California.  *Id.*

Defendants expect to call the following persons as percipient witnesses:

(A)    Satpal S. Kohli resides in Las Vegas, Nevada, and is expected to testify as to the circumstances surrounding Defendant Gaylord's use of the GAYLORD mark in connection with the Nevada Restaurant, the Membership Interest Purchase Agreement; the Rio Lease, the Gaylord, LLC Operating Agreement, and the financial condition of Defendant Gaylord.

(B)    The President, Vice-President of Marketing, Vice President of Food and Beverage, Director of Public Relations and Director of Retail Operations of Rio Properties, Inc. all of whom reside in Las Vegas Nevada.   These individuals are expected to testify regarding the Rio Lease, including the trademark and trade name issues relevant thereto, the policies of Rio Properties, Inc. towards its tenants, business levels at the Rio Hotel, Inc. that effect customer patronage at the Nevada Restaurant, and the revenues received by the Nevada Restaurant.

(C)    Bobbi Sahni and Simran Sahni, both of whom were members of Defendant Gaylord, and both of whom will testify as to the advertising practices of Plaintiff.

(D)    Multiple employees of the Nevada Restaurant, currently residing in Las Vegas, Nevada, who were employed while Plaintiff Kripalani was managing the Nevada Restaurant.  These employees are expected to testify as to discrepancies in the number of hours they worked, and the number of hours that Plaintiff Kripalani reported to the local culinary union.

(E)    Rhet Nelson, a resident of Las Vegas, Nevada, who will testify about the website of Defendant Gaylord and related advertising and marketing practices.

(F)    Relevant persons of Preferred Public Relations and Marketing, who reside in Las Vegas, Nevada and will testify on the advertising and marketing practices of Defendant Gaylord.

(G)    Representatives of the following publications in which Defendant Gaylord has advertised, all of whom reside in Las Vegas, Nevada: *24/7*, *Showbiz*, *Las Vegas Weekly*, *Las Vegas Review Journal*, *The Best Restaurant Guide* and *Restaurant on the Run*.

Kohli Dec. ¶ 27

### III.    <u>ARGUMENT</u>

**A.  THIS ACTION SHOULD BE DISMISSED BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS GAYLORD, LLC AND SATPAL S. KOHLI**

1.    Personal Jurisdiction Requires Minimum Contacts Under the Due Process Clause of the United States Constitution

Under the Federal Rules of Civil Procedure, a court may dismiss an action for "lack of jurisdiction over the person." *See* Fed. R. Civ. P. 12(b)(2).  If a court lacks personal jurisdiction over the parties, the court's judgment is rendered void.  *See, Pennoyer v. Neff*, 95 U.S. 714, 726-28 (1877); *Veeck v. Commodity Enters., Inc.*, 487 F.2d 423, 426 (9th Cir. 1973).  Once a defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing that a court has personal jurisdiction over the defendant.  *See Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986).  Typically, federal courts have personal jurisdiction over defendants to the same extent as the state courts "in the state in which the [federal] district court is located. *See* Fed. R. Civ. P. 4(k)(1)(A).  California courts "may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."  *See* California Code of Civil Procedure Section 410.10.

Courts have interpreted the Due Process Clauses of the United States Constitution to require that the defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945).    Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." *International Shoe Co.*, 326 U.S. at 320.    Finally, even where a defendant has contacts with the forum state, personal jurisdiction is proper only when "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Burger King v. Rudzewicz*, 471 U.S. 474 (1985).

/ / / /

2.    General Personal Jurisdiction over Defendants Is Improper Because Defendants Lack Continuous and Systematic Contacts with California

Courts may exercise general or specific personal jurisdiction over a defendant.  "For a defendant to be subject to general *in personam* jurisdiction, it must have continuous and systematic contact with the forum that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice."  *Reebok Int'l Ltd. v McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1995); *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414.

In this case, neither defendant has sufficient contacts with California to support general *in personam* jurisdiction.  Defendant Gaylord, (i) provides its restaurant services solely in Las Vegas, Nevada, (ii) has no subsidiaries or controlled entities in California, (iii) is not authorized to do business in California, (iii) has no agent for service of process in California, (iv) has no office or telephone in California, (v) has no employees in California,  and (vi) is not supplied with goods from vendors in California.  Kohli Dec. ¶ 22   Defendant Kohli, meanwhile, is domiciled in the State of Nevada, residing at 50 E. Serene Avenue, Las Vegas, Nevada 89123.  Kohli Dec. ¶ 3   Defendant Kohli, does not have a telephone within the State of California, and does not main maintain any office in California.  *Id.*

In neither case are the Defendant's contacts with California "continuous and systematic" enough to support general *in personam* jurisdiction.   Were this Court to conclude otherwise, it would "offend traditional notices of fair play and substantial justice."

3.    Specific Personal Jurisdiction Over Defendants is Improper In This Case

If a court cannot exercise general personal jurisdiction over a defendant, a court may still have specific personal jurisdictions if:

(1) The non-resident defendant has purposefully directed his activities or consummated some transaction with the forum or resident thereof, or performed some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. *See Hanson v. Denckla*, 357 U.S. 235, 253-54 (1958);

(2) The claim must be one which arises out of or relates to the defendant's forum related activities; and

(3) The exercise must comport with fair play and substantial justice, i.e., it must be reasonable.

In this case, Defendant Gaylord provides no restaurant services in California. Kohli Dec. ¶ 9   To the extent Defendant Gaylord has engaged in advertising that has appeared in California, and that advertising can be attributed to Defendant Gaylord (Kohli Dec. ¶ 26), this is not "purposeful availment" sufficient to support personal jurisdiction California.   Defendant Gaylord has, in the past, occasionally advertised the Nevada Restaurant's services in *India West* and *Nirvana Woman*, newspapers that are circulated nationally in the United States and Canada among Indian ethnic communities.   Kohli Dec. ¶ 26   However, Courts have held that the "mere placement of advertisements in nationally distributed papers or journals does not rise to the level of purposeful contact with a forum required by the Constitution in order to exercise personal jurisdiction over the advertiser."   *See Singletary v. B.R.X.*., Inc. 828 F.2d 1135, 1136 (5th Cir. 1987)   Moreover, the mere fact that a nonresident enters into a contract with a forum resident does not establish "minimum contacts" between the nonresident and the forum state. *See Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758, 760 (9th Cir. 1990).   This is especially the case where, as here, the contract (i.e., the MIPA) which states that Defendant Gaylord is obligated to pay a "franchise fee" to "Seller", was entered into in Nevada, is governed by Nevada law. Kohli Dec. ¶ ¶ 12, 13, 15   Moreover, Defendant Gaylord receives no technological or other support under the MIPA, and under the MIPA, neither Plaintiff has the right to control the quality of the restaurant services provided by the Nevada Restaurant.   Kohli Dec. ¶ ¶ 16, 17

Defendant Gaylord's website is an advertising website that does not "target" consumers in California, but is accessible to the world at large. Kohli Dec. ¶ 23   Such a website does not constitute sufficient contacts to support personal jurisdiction in California *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 420. (9th Cir. 1997).

Such reasoning applies *a fortiori* to the "advertisements" referred to at paragraphs 45, 46 47 and 49 of the Complaint, none of which are instances of either Defendant directing any

activity at California. The Nevada Restaurant Association is not an advertising site directed at the restaurant-going public, and Exhibit K to the complaint is nothing more than a printout from the MSN Search engine, which is presumably capable of finding websites anywhere. Similarly, the website located at www.usmenuguide.com referenced in paragraph 49 of the Complaint is not controlled by Defendant Gaylord or Defendant Kohli. Kohli Dec. ¶ 25    Neither Defendant has ever listed, or requested the listing of any information about the Nevada Restaurant on www.usmenuguide.com, nor has any current member or manager of Defendant Gaylord ever listed or requested the listing of such information. *Id.*   Defendants believe that www.usmenuguide.com is a database of classified information about restaurants and similar establishments of throughout the United States, and that the information about the Nevada Restaurant on www.usmenuguide.com was posted by Kishore Kripalani prior to June 17, 2004 and has never been taken down. *Id.*

Defendant Kohli has no contacts with California by which he has "purposefully availed" himself of himself of the privilege of conducting activities in California, thereby invoking the benefits and protections of California's laws. Defendant Kohli entered into a contract *in Nevada* whereby he purchased Plaintiff Kripalani's membership interest in Gaylord, LLC, *a Nevada limited liability company.* Contrary to the allegations in paragraph 29 of the Complaint, Defendant Kohli is not "obligated to make quarterly payments to Plaintiff Kripalani" under the terms of the MIPA.

4. Exercise of Personal Jurisdiction Over Defendants Would be Unreasonable in this Case

Even if a court finds that either defendant has sufficient contacts with California, it must still determine whether the exercise of *in personam* jurisdiction over that defendant would be reasonable under the circumstances. *See Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987). The Ninth Circuit uses a seven-factor balancing test to determine whether the exercise of personal jurisdiction over a defendant "comports with 'fair play and substantial justice.'" *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993).

These factors are:

(1) the extent of the defendants' purposeful interjection into the forum state's affairs;

(2) the burden on the defendant of defending in the forum;

(3) the extent of conflict with the sovereignty of the defendants' state;

(4) the forum state's interest in adjudicating the dispute

(5) the most efficient judicial resolution of the controversy;

(6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and

(7) the existence of an alternative forum.

Taking into account these factors on balance it would be unreasonable for this Court to exercise personal jurisdiction in this case.   As to factors (1)  and (2), as noted above, neither of the defendants has purposefully interjected itself/himself into the forum state's affairs, and having to defend this case in Northern California, would be unreasonably burdensome on the defendants where, as here, the Nevada Restaurant's business activities are limited to Nevada and the Defendants' contacts with California are very attenuated at best.   As to factor (3), while probably not arising to the level of "conflict with the sovereignty of the defendant's state", Nevada law is going to apply to a number of issues in this case.  Kohli Dec. ¶¶ 8, 13, 21, 28 As to factors (4), (5), (6) and (7), California's interest in this dispute is not very strong where, as here, Plaintiffs can seek relief in the District of Nevada, a qualified alternative forum, and the District of Nevada is equally efficient in resolving the controversy and equally capable of addressing Plaintiffs' interest in convenient effective relief, to the extent Plaintiffs are deserving of such.

For the foregoing reasons, it would be unreasonable for this Court exercise *in personam* jurisdiction over the Defendants in this case,  in that neither has sufficient contacts with California to support personal jurisdiction and, in any event, it would unreasonable for this Court to exercise such jurisdiction over either of the Defendants.

**B.  THIS ACTION SHOULD BE DISMISSED FOR IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(b)(3)**

In federal question cases such as this, venue is proper in the following judicial districts:

"(1)  a judicial district where any defendant resides, if all defendants reside in the same state,

(2)  a judicial district in which a substantial part of the events or omissions giving rise to the the claim occurred, or a substantial part of property that is the subject of the action is situated, or

(3)  a judicial district in which any defendant may be found, if there is no district in which the action may be brought.

28 U.S.C. §1391(b)

Subparagraphs (1) and (2) do not support venue in Northern California.   In their Complaint, Plaintiffs allege that venue is proper because the Northern District is "where a substantial part of the events  or omissions occurred or where a substantial part of the property of the action is situated." See Complaint at ¶ 6.  Such is not the case.   Nevada, not Northern California, is "where a substantial part of the events or omissions occurred or where a substantial part of the property of the action is situated."   The Nevada Restaurant owned by Defendant Gaylord provides its restaurant services *only in the state of Nevada*.  To the extent the Defendants' engaged in any acts of "trademark infringement", such acts occurred *in Nevada*. Moreover, the MIPA, which Defendants' have allegedly breached, was concluded in Nevada, involves a Nevada limited liability company, and concerns alleged breaches (i.e., failure to pay "franchise fee") that occurred *in Nevada*.

As noted above, Defendant Gaylord maintains a website, which is accessible to residents of California (and everyone else in the world with access to the Internet).   Kohli Dec. ¶ 23 However, this website cannot serve as an "act or transaction" in the forum state for venue purposes. *See Equidyne Corp. v. Does*, 279 F.Supp.2d 481, 487 (D DE 2003).  Similarly, to the extent any advertising in *India West* and *Nirvana Women* can be fairly attributed to either of the Defendants, this cannot serve as an "act or transaction" in the forum state for venue purposes. These newspapers circulate among the Indian communities throughout the United States and

Canada. Kohli Dec. ¶ 26    The Court in *Equidyne Corp.* reasoned that "if posting information on a message board on the Internet was sufficient to permit venue in every district that the posting was read, then venue could be found in every jurisdiction where an individually has access to a personal computer and the internet." Defendants submit that the same reasoning should apply where, as here, the newspapers in question do not target any specific jurisdiction, but are generally circulated within Indian communities throughout the United States and Canada.

Neither can Plaintiffs reasonably claim that the Northern District is "where a substantial part of the property of the action is situated." This is not a case of real estate or tangible personal property being at issue. Trademark rights are by their very nature intangible property rights. To the extent Plaintiff Ajanta's trademark rights, including its federal trademark registration, are valid, those rights are national in scope, and cannot be said to be substantially situated in any one jurisdiction. Indeed, because of the limited geographical scope of Defendant Gaylord's conduct, only alleged rights associated with Nevada are implicated here.

For the foregoing reasons, this action should be dismissed for improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

## C. ALTERNATIVELY, THIS ACTION SHOULD BE DISMISSED FOR IMPROPER VENUE OR TRANSFERRED TO NEVADA PURSUANT TO 28 U.S.C. § 1406(a)

If an action is brought in the wrong district, the district court, upon timely and proper motion, shall dismiss the action for improper venue, or "if it be in the interest of justice, transfer the case to any district or division where it could have been brought." 28 U.S.C. §1406(a); *see District No. 1, Pacific Coast District v. Alaska*, 682 F.2d 797, 799 (9th Cir. 1982).

For the reasons argued Subsection III B above and otherwise herein, Northern California is an improper venue for this action because none of the grounds set forth in 28 U.S.C. § 1391(b) are satisfied in this case. Though considered a harsh remedy, dismissal would not be unreasonable in this case. *See King v. Russell*, 963 F.2d 1301, 1304-05 (9th Cir. 1992). As this Court lacks *in personam* jurisdiction over one or both of the defendants, it will likely be necessary for plaintiffs to file another action anyway, if they want to maintain a suit against both

1   defendants.[3]  Also, it does not appear that any of Plaintiffs' claims would be barred by

2   applicable statutes of limitations.   Moreover, no injustice would be involved in dismissing this

3   case because, for the reasons discussed herein, this case belongs in Nevada anyway.      Like all

4   federal courts, the District of Nevada has subject matter jurisdiction over this case. 28 U.S.C. §

5   1331. Venue is proper in that both defendants are domiciled in Nevada and at least "a substantial

6   part of the events or omissions giving rise to the claim occurred" in Nevada 28 U.S.C. § 1391(b)

7   The Accordingly, the District of Nevada is a district where the action "could have been brought."

8          If the Court is inclined not to *dismiss* this case for improper venue, then "in the interest of

9   justice" it should transfer this case to the District of Nevada.

10  **D.  ALTERNATIVELY, THIS ACTION SHOULD BE TRANSFERRED TO**
       **NEVADA PURSUANT TO 28 U.S.C. § 1404(a)**

11

12         If the Court denies their Motion to Dismiss, Defendants respectfully request the Court to

13  transfer this case to a more convenient forum, namely, the District of Nevada pursuant to 28

14  U.S.C. § 1404(a).   Even where venue may be proper in the original forum, Courts may transfer

15  an action to another forum where it might have originally been brought if transfer of the action

16  will enhance the convenience of the parties and witnesses, and is in the interest of justice. *See* 28

17  U.S.C. § 1404(a); *Van Dusen v. Barrack*, 376 U.S. 612, 615, 634 (1964).

18         A Motion to Transfer lies within the broad discretion of the district court, and must be

19  determined on an individualized factual basis.  *See Jones v. GNC Franchising, Inc.*, 211 F.3d

20  495, 498 (9th Cir. 2000).   In exercising its discretion, the Court should consider both the interest

21  of the parties and the public interest. See *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

22         1.     This Action Could Have Been Brought in Nevada Originally

23         As noted above, the District of Nevada is a proper venue for this action, and has subject

24  matter and personal jurisdiction with respect to the defendants in this case.  Thus, this threshold

25  consideration in the convenience transfer analysis is met.

26

27

28  [3]   The transferor court need not have personal jurisdiction over the defendants to order a change of venue, and may
       order the case transferred so that jurisdiction can be established in the transferee court. *Goldlawr, Inc. vs. Heiman*,
       369 U.S. 463, 466-467 (1962).

2.    Balancing the Convenience Factors Weighs Strongly in Favor of Transferring This Action

Generally, a Court should transfer an action if a balancing of the relevant "interest" factors shows that another forum is more convenient than the plaintiff's chosen forum. *See Van Dusen*, 376 U.S. at 646; *see also Decker Coal Co v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986) ("forum non conveniens considerations are helpful in deciding a Section 1404 transfer motion").

The following factors are commonly analyzed and balanced by Courts in its determining whether to transfer an action to another district court:

(1)    The plaintiff's initial choice of forum;

(2)    The location of the operative events at issue in the lawsuit;

(3)    The convenience of the parties, including the relative means thereof;

(4)    The convenience of the witnesses;

(5)    The comparative availability of compulsory process to compel the attendance of unwilling witnesses;

(6)    The location of documents and other tangible evidence, and the relative ease of access to sources of proof;

(7)    The enforceability of judgment, if obtained;

(8)    In which forum can the case be tried more efficiently, inexpensively and expeditiously;

(9)    The relative court congestion in the two forum;

(10)    The public interest in local adjudication of local controversies;

(11)    The relative familiarity of the courts with the applicable law; and

(12)    Whether transfer is in the "interest of justice", including which forum would better serve the judicial economy.

*See Gulf Oil*, 330 U.S. at 508-09

Consideration of these factors militates strongly in favor of transferring this action to Nevada.

1.    Plaintiff's Initial Choice of Forum

While plaintiff's choice of forum is accorded substantial weight in proceedings under

§ 1404(a) (*Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985)), this consideration is strongly outweighed by the other factors which favor transfer of this action to the District of Nevada.  Indeed, where, as here, the forum lacks any significant contact with the activities alleged in the complaint, the plaintiff's choice of forum will be given considerably less weight. *See Chrysler Capital Corp. v. Woehling*, 663 F. Supp. 478, 482 (D DE 1987).

      2.     Location of the Operative Events at Issue in the Lawsuit

      Virtually all of the operative events at issue in this case occurred in Nevada. Specifically, Plaintiffs' claims of "trademark infringement" arise out of the Nevada Restaurant's use of the GAYLORD mark in connection with restaurant services provided *in Nevada only.* Kohli Dec. ¶ 22  The MIPA, which is the basis of Plaintiffs' "breach of contract" claims and Defendants' prospective contract-based counterclaims and defenses, was entered into in Nevada, and is governed by Nevada law.  Kohli Dec. ¶¶ 12, 13  The Rio Lease, which was signed by Plaintiff Kripalani and will be part of the Defendants' case, was concluded in Nevada and is governed by Nevada law. *Id.* ¶ 18  The Operating Agreement of Gaylord, LLC was also made in Nevada and is governed by Nevada law.  *Id.* ¶ 21  This factor favors transferring this case to the District of Nevada.

      3.     The Convenience of the Parties, Including the Relative Means Thereof

      At first glance, this factor may appear to be a "wash."  However, given that many of the expected non-party witnesses in this case reside in Nevada, the parties will have to conduct and/or attend multiple depositions, and engage in other discovery outside of Northern California. Also, the significant involvement of Nevada law will require both parties to retain Nevada counsel.  Accordingly, even the "convenience of the parties" factor favors transferring this case to the District of Nevada.

      4.     The Convenience of the Witnesses

      As noted above, a number of the expected non-party witnesses in this case, including persons associated with Rio Properties, Inc., former employees of the Nevada Restaurant, as well as representatives of the local culinary union reside in Nevada.  Obviously, either Plaintiffs or

Defendants will be inconvenienced depending on whether the case is transferred or remains in Northern California.   However, taking into account all of the anticipated non-party witnesses in this case, the "convenience of the witnesses" factor favors transfer to the District of Nevada.

    5.     The Comparative Availability of Compulsory Process to Compel the Attendance of Unwilling Witnesses

To the extent it is necessary to compel any unwilling non-party witnesses to testify, the subpoena power of District of Nevada is more like to be called upon in this regard than this Court, insofar as multiple non-party witnesses reside in Nevada.

    6.     The Relative Ease of Access to Sources of Proof and the Location of Documents and Other Tangible Evidence

All of the books and records, including financial records of the Defendants are in Nevada Kohli Dec. ¶   , as is most of the evidence of Defendants' use of the GAYLORD mark. *Id.* ¶ 21 Most of the non-party witnesses, including witnesses capable of documenting and otherwise attesting to the revenues of the Nevada Restaurant, reside in Nevada   Kohli Dec. ¶ 27   This factor clearly favors transferring the action to Nevada.

    7.     The Enforceability of Judgment, If Obtained

This factor normally has little significance and relevance where both the original forum and the proposed transferee forum are federal district Courts. *See Datasouth Computer Corp. v. Three Dimensional Techs*, Inc. 719 F. Supp. 446, 450 (W.D.N.C. 1989).   However, where, as here, Plaintiffs are seeking injunctive relief, it is important to consider whether one court is "close to the action" and better able to monitor compliance with any injunction that might be granted. *Law Bulletin Pub. Co. v. LRP Publications, Inc.*, 992 F.Supp. 1014, 1020-21 (ND IL1998)

////

////

8.   In Which Forum Can the Case Be Tried More Efficiently, Inexpensively and Expeditiously

For the reasons discussed at points 2, 3, 4, 5 and 6 above, it is clear that this action can be tried more efficiently, inexpensively and expeditiously.

9.   The Relative Court Congestion in the Two Forums

Some courts accord this factor little weight (*Agilent Technologies, Inc. v. Micromuse, Inc.* 316 F.Supp.2d 322, 325 (ED VA 2004)), and it appears this factor should be accorded little, if any, weight here. The "Judicial Caseload Profile" for the Northern District and the District of Nevada obtained from www.uscourts.gov show no 2007 statistics for the median times from filing to disposition and from filing to trial for cases in the respective districts. However, since 2005, the relative median times have been about the same, with the times being slightly longer in California in 2005 and slightly longer in the District of Nevada in 2006.

10.   The Public Interest In Local Adjudication of Local Controversies

Notwithstanding Plaintiffs' efforts to characterize this case as otherwise, this action is essentially a Nevada-based controversy. As discussed herein, Plaintiffs' claims and Defendants' anticipated counterclaims arise out of the parties' respective actions *in Nevada*, and multiple documents which were entered into in Nevada and, by their terms, are governed by Nevada law. Even Plaintiffs' federal law claims arise out of conduct that occurred in Nevada. In sum, the issues in this case are fundamentally Nevada controversies that should be adjudicated in Nevada.

11.   The Relative Familiarity of the Courts with the Applicable Law

Both district courts are presumably equally familiar the federal trademark laws at issue in this case. *Cargill, Inc. v. Prudential Ins. Co. of America*, 920 F. Supp. 144, 148 (D CO 1996) However, the MIPA, which Plaintiffs allege was breached, is governed by Nevada law, as are the multiple affirmative defenses that Defendants plan to assert against Plaintiffs' breach of contract

claims and trademark infringement claims.  The Rio Lease, the terms of which Defendants also intend to assert in their defense, is also governed by Nevada law, as is the Operating Agreement of Gaylord, LLC.    Similarly, Defendants plan to assert, amongst others, counterclaims for breach of representations and warranties in the MIPA, as well as indemnification arising out of the MIPA and Plaintiff Kripalani's actions while managing the Nevada Restaurant.  This factor strongly favors transferring this action to the District of Nevada.

       12.    Whether Transfer is in the "Interest of Justice", Including Which Forum Would Better Serve Judicial Economy.

Given the Defendants' at best attenuated contacts with California, the location of evidence and witnesses,  the role of Nevada law in key issues, and the other reasons for transferring this action discussed above, it  would be in  the "interest of justice" to transfer this case to the District of Nevada, if the Court is otherwise disinclined to dismiss this case on the grounds asserted above.

## IV. **CONCLUSION**

For the foregoing reasons, Defendants Gaylord, LLC and Satpal S. Kohli respectfully request this Court to (1) dismiss this action pursuant to Rules 12(b)(2) and/or 12(b)(3) of the Federal Rules of Civil Procedure and/or 28 U.S.C. § 1406(a) or (2) transfer this action pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a).

Date: July 22, 2007                Respectfully submitted,

                                 **WEIDE & MILLER, LTD.**

                                 By   /S/ GREGORY F. BUHYOFF

                                  Gregory F. Buhyoff, Esq.

                                 Attorneys for Defendants
                                 Gaylord, LLC and Satpal S. Kohli

# TABLE OF CONTENTS

**Page No.**

NOTICE OF MOTION AND MOTION ........................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 3

I.      STATEMENT OF ISSUES TO BE DECIDED

II.     STATEMENT OF RELEVANT FACTS .............................................................. 4

III.    ARGUMENT ........................................................................................................ 6

        A.     THIS ACTION SHOULD BE DISMISSES
              BECAUSE THIS COURT LACKS PERSONAL
              JURISDICTION OVER DEFENDANTS
              GAYLORD, LLC AND SATPAL S. KOHLI .................................................... 7

      1.  Personal Jurisdiction Requires Minimum Contacts Under the Due Process
          Clause of the United States Constitution ................................................................. 7

      2.  General Personal Jurisdiction Over Defendants is Improper Because
          Defendants Lack Continuous and Systematic Contacts ........................................... 9

      3.  Specific Personal Jurisdiction Over Defendants is
          Improper in this Case .............................................................................................. 9

      4.  Exercise of Personal Jurisdiction Would be
          Unreasonable in this Case ..................................................................................... 11

        B      THIS ACTION SHOULD BE DISMISSED FOR
              IMPROPER VENUE PURSUANT TO FED. R.
              CIV. P. 12(b)(3). ..................................................................................................... 13

        C.     ALTERNATIVELY, THIS ACTION SHOULD BE
              DISMISSED FOR IMPROPER VENUE OR
              TRANSFERRED TO NEVADA PURSUANT TO
              28 U.S.C.§ 1406(a) ................................................................................................ 15

        D.     ALTERNATIVELY, THIS ACTION SHOULD BE
              DISMISSED FOR IMPROPER VENUE OR
              TRANSFERRED TO NEVADA PURSUANT TO
              28 U.S.C.§ 1404(a) ................................................................................................ 15

      1.  This Action Could have Been Brought in Nevada
          Originally ............................................................................................................... 15

      2.  Balancing the Convenience Factors Weighs Strong
          in Favor of Transferring this Action ..................................................................... 16

V.     CONCLUSION ................................................................................................... 20

## TABLE OF AUTHORITIES

**Page No(s).**

### CASES

*Pennoyer v. Neff,*
 95 U.S. 714 (1877) ...................................................................................8

*Veeck v. Commodity Enters., Inc.*
 487 F.2d 423 (9th Cir. 1973) ......................................................................8

*Butcher's Union Local No. 498 v. SDC Inv., Inc.,*
 788 F.2d 535 (9th Cir. 1986) ......................................................................8

*International Shoe Co. v. State of Wash.,*
 326 U.S. 310 (1945) ....................................................................................8

*Burger King v. Rudzewicz,*
 471 U.S., 474 (1985) ...................................................................................8

*Reebok Int'l Ltd. v McLaughlin,*
 49 F.3d 1387 (9th Cir. 1995) ......................................................................9

*Helicopteros Nacionales de Colombia v. Hall,*
 466 U.S. 408 (1984) ....................................................................................9

*Hanson v. Denckla,*
 357 U.S. 235 (1958) ....................................................................................9

*Singletary v. B.R.X., Inc.,*
 828 F.2d 1135 (5th Cir. 1987) ..................................................................10

*Gray & Co. v. Firstenberg Machinery Co.,,*
 913 F.2d 758 (9th Cir. 1990) ....................................................................10

*Cybersell, Inc. v. Cybersell, Inc.,*
 130 F.3d 414 (9th Cir. 1997) ....................................................................10

*Asahi Metal Indus. Co. v. Superior Court,*
 480 U.S. 102 (1987) ..................................................................................11

*Core-Vent Corp. v. Nobel Industries AB,*
 11 F.3d 1482 (9th Cir. 1993) ....................................................................11

*Equidyne Corp. v. Does,*
 279 F.Supp.2d 481 (D DE 2003) ........................................................13, 14

*District No. 1, Pacific Coast District v. Alaska,*
        682 F.2d 797 (9th Cir. 1982) .................................................................14

*King v. Russell, 963 F.2d 1301,*
        963 F.2d 1301 (9th Cir. 1992) ...............................................................14

*Van Dusen v. Barrack,*
        376 U.S. 612 (1964) ..........................................................................15, 16

*Goldlawr, Inc. v Heiman,,*
        369 U.S. 463 (1962) .................................................................................15

*Jones v. GNC Franchising, Inc.,*
        211 F.3d 495 (9th Cir. 2000) .................................................................15

*Gulf Oil Corp. v. Gilbert,*
        330 U.S. 501 (1947) .........................................................................15, 16

*Decker Coal Co. v. Commonwealth Edison Co.,*
        805 F.2d 834 (9th Cir. 1986) .................................................................16

*Securities Investor Protection Corp. v. Vigman,*
        764 F.2d. 1309 (9th Cir. 1985) ..............................................................17

*Chrysler Capital Corp. v. Woehling,*
        663 F.Supp. 478 (D DE 1987) ................................................................17

*Datasouth computer Corp. v. Three Dimensional Techs, Inc.,*
        719 F.Supp. 446 (W.D.N.C. 1989) ...........................................................6

*Law Bulletin Pub. Co. v. LRP Publications, Inc.,*
        992 F.Supp. 1014 (ND IL 1998) .............................................................18

*Agilent Technologies, Inc. v. Micromuse, Inc.,*
        316 F.Supp.2d 325 (ED VA 2004) ..........................................................19

*Cargill v. Prudential Ins. Co. of America,*
        920 F.Supp 144 (D CO 1996) .................................................................19

## STATUTES

Federal Rule of Civil Procedure 12(b)(2) ......................................2, 3, 6, 8, 20

Federal Rule of Civil Procedure 12(b)(3) .....................................2,4,13, 14, 20

Federal Rule of Civil Procedure 4(k)(1)(A) ............................................................................8

California Code of Civil Procedure Section 410.10 ...............................................................8

28 U.S.C. § 1404(a) ....................................................................................................2, 15, 20

28 U.S.C. § 1406(a) ....................................................................................................2, 14, 20

28 U.S.C. § 1331 ...................................................................................................................15

28 U.S.C. § 1391(b) ........................................................................................................14, 15

# CERTIFICATE OF SERVICE

I, Gregory F. Buhyoff, hereby certify that the foregoing document was served upon Attorney David E. Lovejoy by e-mailing the same to davidlovejoy@sbcglobal.net. Sunday, July 12, 2007.

/S/Gregory F. Buhyoff

Gregory F. Buhyoff

CASE NO. C07-2823 MJJ