1  David E. Lovejoy (CSB No. 055283)
2  102 Reed Ranch Road
   TIBURON, CA 94920-2025
3      TEL:      415-435-8203
       FAX:      415-435-8857
4      e-MAIL:   david.lovejoy@sbcglobal.net
   Attorney for: Plaintiff AJANTA Corporation,
5                Plaintiff Kishore Kripalani

6

7  WEIDE & MILLER, LTD.
   Gregory F. Buhyoff
8  California State Bar No. 141437
   Bank of Nevada Bldg., Suite 530
9  725 1 W, Lake Mead Blvd.
   Las Vegas, Nevada 89128
10     Tel: (702) 382-4804
       e-Mail: GBuhyoff@weidemiller.com
11     Fax: (702) 382-4805
   Attorneys for: Defendants Gaylord, LLC
12                and Satpal S. Kohli

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| AJANTA CORPORATION and Kishore Kripalani<br>    Plaintiffs<br><br>v.<br><br>GAYLORD, LLC and Satpal S. Kohli<br>    Defendants. | CASE NO. CASE NO. C07-2823 MJJ<br><br><br><br>JOINT CASE MANAGEMENT STATEMENT |
|---|---|

1. **Jurisdiction and Service:** The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

1.1. Plaintiffs assert that This Court has jurisdiction by virtue of 15 U.S.C. §1121(a) {original jurisdiction in trademark cases}, 15 U.S.C. §§ 1125(a) {Federal trademark civil cause of action} and 1125(c) {Federal trademark civil cause of action for dilution of famous marks}, and 28 U.S.C. § 1331{district court original jurisdiction under laws of the United States}, 28 U.S.C. § 1338(a) {original jurisdiction in trademark cases} and § 1338(c) {original jurisdiction in substantial related state unfair competition claims and contract claims}.

1.2. The Defendants have not answered the Complaint, but have filed a MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, TO DISMISS FOR IMPROPER VENUE OR IN THE ALTERNATIVE TO TRANSFER FOR IMPROPER VENUE (28 USC g1406(a)) OR IN ALTERNATIVE TO TRANSFER FOR CONVENIENCE (28 USC g1404(a)).

1.3. No Parties remain to be served.

2. **Facts:** A brief chronology of the facts and a statement of the principal factual issues in dispute.

2.1. Plaintiffs assert that Plaintiffs' rights in the Registered Trademark GAYLORD are infringed by Defendants' GAYLORD Nevada restaurant and that Defendants' have breached contracts between the parties.

2.2. Defendants have not yet Answered and hence the disputed factual issues are not yet clear of record except as raised by Defendants in the context of its pending motion to dismiss for lack of personal jurisdiction or improper venue, or transfer for improper or inconvenient venue.

3. **Legal Issues:** A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

3.1. The disputed legal issues are not yet of record.

4. **Motions:** All prior and pending motions, their current status, and any anticipated motions.

    4.1.    The Defendants' Motion (See Section 1.2) is the only motion presently known.

5. **Amendment of Pleadings:** The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

    5.1.    Defendants have not yet answered and no information is currently known.

6. **Evidence Preservation:** Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

    6.1.    Counsels have taken reasonable steps to preserve evidence.

7. **Disclosures:** Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

    7.1.    Disclosure is pending filing of Defendants' Answer.

8. **Discovery:** Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

    8.1.    No discovery has been taken and a plan is awaiting filing of Defendants' Answer.

9. **Class Actions:** If a class action, a proposal for how and when the class will be certified.

    9.1.    No class action contemplated.

10. **Related Cases:** Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

    10.1.    No related cases.

.

**11. Relief:** All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

    11.1.  Plaintiff seeks:

        11.1.1. All profits, gains and advantages received or realized by Defendant NEVADA RESTAURANT since commencement of Defendant NEVADA RESTAURANT's infringing and unfairly competing activities;

        11.1.2. All fees due; and

        11.1.3. All damages sustained by Plaintiff AJANTA and Plaintiff AJANTA's licensees resulting from Defendant NEVADA RESTAURANT's infringing actions and Defendant NEVADA RESTAURANT's acts of unfair competition.

        11.1.4. Judgment that Defendant Satpal S. Kohli and Defendant NEVADA RESTAURANT pay to Plaintiff AJANTA reasonable attorneys' fees and all costs of this action, and that damages awarded be trebled or otherwise increased to the fullest extent permitted by law because of the willful and deliberate nature of the infringing and unfair activities of Defendant NEVADA RESTAURANT.

        11.1.5. Judgment that Defendant Satpal S. Kohli and Defendant NEVADA RESTAURANT pay to Plaintiff AJANTA punitive damages to the fullest extent permitted by law and equity as required in the interests of justice because of the willful and deliberate nature of the infringing and unfair activities of Defendant NEVADA RESTAURANT.

        11.1.6. Judgment that Defendant Satpal S. Kohli and Defendant NEVADA RESTAURANT pay to Plaintiff AJANTA $750,000 for advertising expenses required to correct the misleading, false and deceiving image created by Defendant NEVADA RESTAURANT's acts.

   11.1.7. Judgment deeming this to be an "exceptional" case within the meaning of 35 U.S.C. §285, entitling Plaintiff AJANTA to an award of its reasonable attorneys' fees, expenses and costs in this action; and.

**12. Settlement and ADR:** Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

 12.1. The parties are actively pursuing settlement negotiations.

 12.2. The parties have jointly agreed to ENE.

**13. Consent to Magistrate Judge For All Purposes:** Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

 13.1. Plaintiff consents to a magistrate judge.

 13.2. Defendant does not consent to a magistrate judge.

**14. Other References:** Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

 14.1. The parties are unlikely to refer this matter to binding arbitration in their settlement negotiations.

**15. Narrowing of Issues:** Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

 15.1. No information pending filing of defendants Answer.

**16.** Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

 16.1. No information pending filing of defendants Answer.

**17. Scheduling:** Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

    17.1.   No information pending filing of defendants Answer.

**18. Trial:** Whether the case will be tried to a jury or to the court and the expected length of the trial.

    18.1.   Plaintiff has not made a jury trial demand.

    18.2.   Defendant will decide on a jury trial demand at the time of filing an answer.

**19. Disclosure of Non-party Interested Entities or Persons:** Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

    19.1.   Plaintiffs have not filed a Certification of Interested Entities or Persons, but intend to do so in the near future.

    19.2.   Defendants have not filed a Certification of Interested Parties but intend to do so in the near future.

**20. Other Matters.** Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

    20.1.   None at this time.

| | | |
|---|---|---|
| | | Dated: August 28, 2007 |
| By | | By |
| | /S/ David E. Lovejoy | /S/ Gregory F. Buhyoff |
| | David E. Lovejoy | Gregory F. Buhyoff |
| | Attorney for Plaintiffs | Attorney for Defendants |
| | AJANTA Corporation | Gaylord, LLC |
| | Kishore Kripalani | Satpal S. Kohli |