David E. Lovejoy (CSB No. 055283)
102 Reed Ranch Road
TIBURON, CA 94920-2025
   TEL:     415-435-8203
   FAX:    415-435-8857
   e-MAIL:  david.lovejoy@sbcglobal.net
Attorney for: Plaintiff AJANTA Corporation,
          Plaintiff Kishore Kripalani

WEIDE & MILLER, LTD.
Gregory F. Buhyoff
California State Bar No. 141437
Bank of Nevada Bldg., Suite 530
725 1 W, Lake Mead Blvd.
Las Vegas, Nevada 89128
   Tel: (702) 382-4804
   e-Mail: GBuhyoff@weidemiller.com
   Fax: (702) 382-4805
Attorneys for: Defendants Gaylord, LLC
          and Satpal S. Kohli

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| AJANTA CORPORATION and Kishore Kripalani<br>    Plaintiffs<br><br>v.<br><br>GAYLORD, LLC and Satpal S. Kohli<br>    Defendants. | CASE NO. CASE NO. C07-2823 MJJ<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION, VENUE OR FOR TRANSFER |
|---|---|

**1.** STATEMENT OF ISSUES TO BE DECIDED

    1.1.    Should the Court dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction over GAYLORD, LLC or Satpal S. Kohli ("Defendants" meaning either one of or both of them)?

    1.2.    Should the Court dismiss or transfer this action to the United States District Court for the District of Nevada because of improper venue?

**2.** STATEMENT OF RELEVANT FACTS

2.1. AJANTA CORPORATION and Kishore Kripalani ("Plaintiffs" meaning either one or both of them) are owners of or licensors to a number of restaurants in Northern California ("California Gaylord restaurants"), in Chicago and in other places in the United States under the famous trademark GAYLORD, registered in the United States Patent And Trademark Office to Plaintiffs.

2.2. The San Francisco area and Las Vegas area are major tourist centers and many patrons travel frequently back and forth between the two areas.

2.3. Plaintiff Kripilani is and has been a resident of California and owner and operator for many years of the world-famous GAYLORD INDIA RESTAURANT located at GHIRARDELLI SQUARE, 900 North Point Street, San Francisco, California, (the GHIRARDELLI RESTAURANT).

2.4. Defendant Gaylord was initially formed by Plaintiff Kripilani to do business under the name GAYLORD in the Rio Hotel in Las Vegas, Nevada (Las Vegas Gaylord) as an extension of the GAYLORD restaurants in California.

2.5. The décor, layout, operation, cooking, food, staff and other and other attributes of the Gaylord Las Vegas restaurant were planned from California and based upon the Plaintiffs' California Gaylord restaurants.

2.6. Defendant Ajanta Corporation is a California company and owner of the registered trademark GAYLORD.

2.7. Plantiff Krippilani on or about June 17, 2004 sold his interest in Defendant Gaylord to Defendant Kohli pursuant to a MEMBERSHIP INTEREST PURCHASE AGREEMENT ("MIPA Agreement").

2.8. In about September of 2005, Plaintiffs first opened a new Plaintiffs' California Gaylord restaurants in Sausalito, CA.

2.9. The MIPA Agreement required, among other payments, an on going fee of 2% of Defendant Gaylord revenue. Also, it was required that Defendants enter into a Trademark license agreement with Plaintiffs in order to permit Defendants to continue to operate the

Las Vegas Gaylord restaurant under the famous trademark GAYLORD like used in the California Gaylord restaurants.

2.10.   Defendants have stopped paying the required ongoing fee in clear breach of the MIPA Agreement.

2.11.   Defendants refused to enter into a trademark license agreement and hence Defendants are not licensed to use the mark and infringe Plaintiffs' trademark rights.

2.12.   Plaintiffs offered a trademark license to Defendants in order to enable Defendants to comply with Defendants' obligations to the Rio Hotel and Defendants refused the license choosing instead to infringe Plaintiffs' trademark rights and breach Defendants' obligations to the Rio Hotel.

2.13.   Advertising by Defendants have depicted one of Plaintiffs' California Gaylord restaurants and the Las Vegas Gaylord restaurant side by side whereby Defendants have intentionally caused confusion in California and done injury to Plaintiffs in California.

2.14.   California Gaylord restaurants as a result of intentional acts of advertising by the Las Vegas Gaylord restaurant have received telephone calls from local California patrons trying to make reservations at the Las Vegas Gaylord restaurant.

2.15.   As a result of the Las Vegas Gaylord advertising directed at patrons of California Gaylord restaurants, the patrons are surprised to learn that the Las Vegas Gaylord restaurant is a trademark infringer of Plaintiffs' trademark.

2.16.   The poor business practices of Defendants have run the Las Vegas Gaylord business downhill and caused poor financial performance for the Las Vegas Gaylord so that Defendants' intentional association of the Las Vegas Gaylord restaurant with Plaintiffs' California Gaylord restaurants intentionally aggravates the injury to Plaintiffs in California.

2.17.   Plaintiffs expect to call at least as many residents of California as Defendants intends to call from Nevada to establish the damages caused by Defendants in California and the business that Defendants are doing and have done in California, including employees of the California Gaylord restaurants, vendors in California that provided goods and services to

the Las Vegas Gaylord from California, Patrons in California that were confused by Defendants' deceptive advertising, advertising executives resident in California.

**3.** ARGUMENT

   3.1. THIS ACTION SHOULD NOT BE DISMISSED BECAUSE THIS COURT CLEARLY HAS PERSONAL JURISDICTION OVER DEFENDANTS

      3.1.1. Defendant Gaylord is owned and controlled by Defendant Koholi and hence for purposes of this issue Defendants can be considered one and the same. Defendant Gaylord has extensive ties to California. All meetings and planning to establish the décor, layout, operation, cooking, food, staff and other attributes of the Gaylord Las Vegas restaurant were planned from, were discussed at meetings in and required extensive expenditures in California. The Gaylord Las Vegas restaurant copied and was patterned upon the California Gaylord restaurants owned and licensed by Plaintiffs. All of the resources and efforts to make the Gaylord Las Vegas restaurant part of a family of licensed Gaylord restaurants occurred in California and intentionally was tied to the California Gaylord restaurants under the registered trademark GAYLORD.

      3.1.2. Defendants continue to trade on the name and good will of Plaintiffs among patrons in California that are known to travel in large numbers to Las Vegas. Defendant targets ads to these patrons in California in a manner that is intended to confuse the patrons about the relationship between the Las Vegas Gaylord restaurant and Plaintiffs' California Gaylord restaurants.

      3.1.3. Defendants argue Plaintiffs placed the www.usmenuguide.com ad for the Las Vegas Gaylord in the Rio Hotel. That ad for the the Rio Hotel wrongfully displays Plaintiffs' California Gaylord restaurant in Sausalito, CA (which obviously is not located in the Rio Hotel in Las Vegas). Defendants argue that such ad was posted by Plaintiffs prior to June 17, 2004. Unfortunately for Defendants, Plaintiffs' California Gaylord restaurant in Sausalito, CA did not come into existence

until September of 2005 more than a year after June 17, 2004. Regardless, Defendants knowingly rely on such ads with the clear intent to confuse the public in California about the relationship between Plaintiffs' California Gaylord restaurants and Defendants' Las Vegas Gaylord restaurant.

3.1.4. The Defendants' acts of intentionally confusing California patrons by suggesting that the Las Vegas Gaylord restaurant is related to Plaintiffs' California Gaylord restaurants is more than adequate contacts to support personal jurisdiction in California.

3.2. THIS ACTION SHOULD NOT BE DISMISSED OR TRANSFERRED BECAUSE OF IMPROPER VENUE.

3.2.1. Under FED. R. CIV. P. 12(b)(3), in federal question cases such as this, venue is proper in the following judicial districts:

"…

 (2) a judicial, district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

…"

3.2.2. In the present case, a substantial part of the events giving rise to the claim occurred in California, to wit, advertising in California by Defendants both causing and relying upon grossly misleading ads such as the Las Vegas Gaylord restaurant ad for the Rio Hotel in Las Vegas that actually displays Plaintiffs California Gaylord restaurant in Sausalito, CA. There are many similar confusing ads that confuse the Las Vegas Gaylord restaurant with Plaintiffs California Gaylord restaurants.

3.2.3. The Defendants argue that a website cannot serve as an "act or transaction" in the forum state for venue purposes relying on *Equidyne Corp, v. Does,* 279 F.Supp.2d 48 1,487 (D DE 2003). However, this argument is misplaced. The present facts are entirely different. Defendants' ads have shown side-by-side advertis-

ing of Defendants' Las Vegas Gaylord restaurant and one of Plaintiffs' California Gaylord restaurants. The Las Vegas Gaylord restaurant ad for the Rio Hotel in Las Vegas has dishonestly displayed Plaintiffs' Sausalito, CA Gaylord restaurant. These targeted misleading ads are far different from *Equidyne*.

3.2.4.  A "a substantial part of property that is the subject of the action is situated" in northern California since three of the five of Plaintiffs' licensed or owned Gaylord restaurants are located there. Of course, the GAYLORD trademark associated with these three out of five restaurants is a substantial part of the property that Defendants are attempting to destroy.

3.2.5.  Defendants argue that Nevada is more convenient for Defendants. Of course, Plaintiffs find the present court more convenient. None of Defendants' arguments are persuasive.

Dated: September 25, 2007

By  /S/ David E. Lovejoy

David E. Lovejoy
Attorney for Plaintiffs
 AJANTA Corporation
 Kishore Kripalani