1  Gregory F. Buhyoff
   California State Bar No. 141437
2  WEIDE & MILLER, LTD.
   Bank of Nevada Bldg., Suite 530
3  7251 W. Lake Mead Blvd.
   Las Vegas, Nevada 89128
4  Tel: (702) 382-4804
   e-Mail: GBuhyoff@weidemiller.com
5  Fax: (702) 382-4805

6  Attorneys for Defendants Defendant Gaylord
   and Satpal S. Kohli

7

8

9

10           **UNITED STATES DISTRICT COURT**

11          **NORTHERN DISTRICT OF CALIFORNIA**

12             **SAN FRANCISCO DIVISION**

13

14

15  AJANTA CORPORATION and KISHORE        ) CASE NO. C07-02823 MJJ
    KRIPALANI,                            )
16                                        ) Date:       October 16, 2007
             Plaintiffs,                  ) Time:       9:30 a.m.
17                                        ) Courtroom:  11, 19th Floor
         vs.                              ) Before:     The Honorable Judge
18                                        )             Martin J. Jenkins
    DEFENDANT GAYLORD and SATPAL S.       )
19  KOHLI,                                )
                                          ) **DEFENDANTS' REPLY TO**
20                                        ) **PLAINTIFFS' MEMORANDUM OF**
             Defendants.                  ) **POINTS AND AUTHORITIES IN**
21                                        ) **OPPOSITION TO MOTION TO DISMISS**
                                          ) **FOR LACK OF JURISDICTION, VENUE**
22                                        ) **OR FOR TRANSFER**
                                          )
23                                        )
                                          )
24                                        )
                                          )
25  _____ )

26        Defendants GAYLORD, LLC and SATPAL S. KOHLI ("Defendants") hereby reply to

27  Plaintiffs' Memorandum of Points and Authorities In Opposition to Motion to Dismiss for Lack

28  of Jurisdiction, Venue or Transfer" (hereinafter "Plaintiffs' Opposition") and the Declaration of

DEFENDANTS' REPLY TO PLAINTIFFS'          1              C07-02823
OPPOSITION TO MOTION TO DISMISS/TRANSFER
                                                         GFB-W-1714

Kishore Kripalani In Support of Memorandum of Points and Authorities in Opposition to Motion to Dismiss or Transfer (hereinafter "Kripalani Dec.").

## A.    Introduction

Plaintiffs' surprisingly perfunctory opposition does little to seriously challenge, much less overcome, defendants' showing that this Court lacks personal jurisdiction over either or both of the defendants and that, in any event, this action should be transferred to the United States District Court for the District of Nevada.    Amidst statements that argue the "merits" of Plaintiffs' underlying case or vilify Defendants, Plaintiffs' Opposition twists, spins, mischaracterizes and misstates "facts", all in an effort to manufacture jurisdiction and obstacles to the requested transfer of this case where none exist.

For example, Plaintiff Kripalani falsely and/or or misleadingly states that "Defendants refused to enter into a trademark license agreement and hence are not licensed to use the mark and infringe Plaintiffs' trademark rights"   (Kripalani Dec. ¶ 2.11)  To the extent Defendants have not already responded to such issues (see, for example, Kohli Dec., ¶, 18), these issues will be addressed in the multiple counterclaims and defenses that Defendants will assert at the appropriate time and place in this action, as noted in Defendants' moving papers.   For now, Defendants will focus on the issues of personal jurisdiction and venue that are the subject of Defendants Motion to Dismiss/Transfer.

## B.    There Is No Basis for this Court to Properly Assert Personal Jurisdiction Over Either Defendant.

Defendants' initial moving papers explain why it would be improper for this Court to exercise personal jurisdiction over either of the Defendants.  *See* Defendants Motion to Dismiss/Transfer, pp. 7-12   In an apparent effort to show "intentional" conduct aimed at California residents and, presumably, sufficient minimum contacts to support personal jurisdiction over the defendants, Plaintiffs offer a series of flimsy, confusing and meritless

1   arguments.   First, Plaintiffs state "[t]he San Francisco area and Las Vegas area major tourist

2   center and many patrons ("patrons" is presumably a reference to patrons of Plaintiffs'

3   restaurants) travel frequently back and forth between the two areas." Kripalani Dec. ¶2.2   To the

4   extent this is true, this can hardly be the basis for finding that *defendants* have engaged in

5   conduct aimed at California or otherwise be the basis for personal jurisdiction over defendants.

6   If such were the case,  any restaurant that operates locally in any major tourist destination could

7   be subject to personal jurisdiction in the United States District Court for the Northern District of

8   California.   Plaintiffs also state that "[t]he décor, layout, operation, cooking, food, staff and

9   other and other *sic* attributes of the Gaylord Las Vegas restaurant were planned from California

10  and based upon the Plaintiffs' California Gaylord restaurants." Kripalani Dec. ¶ 2.5  Even if this

11  could provide a basis for personal jurisdiction over the defendants, or either of them, this

12  statement is not true.  *See*, Supplemental Declaration of Satpal S. Kohli In Support of Motion to

13  Dismiss for Lack of Personal Jurisdiction, To Dismiss For Improper Venue Or In the Alternative

14  To Transfer for Improper Venue (28 USC §1406(a)) Or In the Alternative to Transfer for

15  Convenience (28 USC § 1404(a) ("Supplemental Kohli Dec.") ¶ 4.   Plaintiffs even refer to

16  obvious hearsay in an attempt to show that the Nevada Restaurant's advertising practices are

17  somehow targeting and affecting California residents.  Kripalani Dec. ¶¶ 2.14, 2.15

18          Most important, however is the disingenuous and confusing way Plaintiffs address the

19  issue of the advertisement on the third party website located at www.usmenuguide.com.  In an

20  apparent attempt to convince the Court that Defendants are responsible for this advertisement,

21  Plaintiffs blatantly mischaracterizes the arguments of Defendants counsel in respect of the same.

22  To wit,  Plaintiffs Opposition states:

23          "Defendants argue Plaintiffs placed the www.usmenuguide.com ad for the
            Las Vegas Gaylord in the Rio Hotel.  That ad for the Rio Hotel wrongfully
24          displays Plaintiffs' California Gaylord restaurant in Sausalito, CA (which
            obviously is not located in the Rio Hotel in Las Vegas).  Defendants argue
25          that such ad was posted by Plaintiffs prior to June 17, 2004.
            Unfortunately for Defendants, Plaintiffs' California Gaylord restaurant in
26          Sausalito, CA did not come into existence until September 2005 more than
            a year after June 17, 2004. Regardless, Defendants knowingly rely on
27

28

DEFENDANTS' REPLY TO PLAINTIFFS'                    3                   C07-02823
OPPOSITION TO MOTION TO DISMISS/TRANSFER

                                                                        GFB-W-1714

such ads with the clear intent to confuse the public in California about the relationship between Plaintiffs' California Gaylord restaurants and Defendants Las Vegas Gaylord Restaurant… "  Plaintiffs' Opposition, ¶ 3.13.

Plaintiffs then go on to say:

"Regardless, Defendants knowingly rely on such ads with the clear intent to confuse the public in California about the relationship between Plaintiffs' California Gaylord restaurants and Defendants' Las Vegas Gaylord." *Id.*

It is worth breaking down and analyzing these statements because (i) Plaintiffs' arguments in support of personal jurisdiction and against transfer of venue rely heavily on the Plaintiffs' conclusion that Defendants are responsible for the "side by side" advertising on www.usmenuguide.com., and (ii) these statement reflect the facile, confusing and conclusory manner in which the Plaintiffs are addressing the issue of personal jurisdiction and venue transfer generally.

Defendants' statements regarding the advertisement in www.usmenuguide.com are clear from paragraph 25 of the Kohli Dec.  Specifically, Plaintiff Satpal S. Kohli makes clear (i) that neither defendant controls the www.usmenuguide.com website and that no current member or manager of Defendant Gaylord has ever listed or requested the listing of any information about the Nevada Restaurant on this website.   Indeed, Defendants were not even aware of the ad on the www.usmenuguide.com website until the commencement of this action.  Supplemental Kohli Dec. ¶5  Of course, Defendants do not definitively "argue" that Plaintiffs placed the subject ad on www.usmenuguide.com at all, but merely offer a plausible explanation as to how it got there. Whether Plaintiffs' Sausalito came into existence before or after June 17, 2004 does not change the plausibility of this, any more than it "proves" Defendants posted the ad on the subject website, as Plaintiffs would like the Court to conclude.   It should noted here, however, that even

1  as Plaintiffs clumsily attempt to attribute advertisements on third party websites and print

2  publications to Defendants and complain about the "damage" arising from the same, Plaintiffs'

3  *own website* has continuously and uninterruptedly associated the Nevada Restaurant with

4  Plaintiffs' restaurant in California  (*See*, Declaration of Gregory F. Buhyoff  In Support of

5  Motion to Dismiss for Lack of Personal Jurisdiction, To Dismiss For Improper Venue Or In the

6  Alternative To Transfer for Improper Venue (28 USC §1406(a)) Or In the Alternative to Transfer

7  for Convenience (28 USC § 1404(a), ¶ 3, 4), and it was Plaintiff Kripalani who placed an August

8  2006 advertisement in *India West* regarding the Nevada Restaurant.  Supplemental Kohli Dec., ¶

9  5.   This renders all the more plausible Defendants' explanation of who is responsible for the ad

10  on the www.usmenuguide.com website (if it was not simply someone associated with this

11  informational third party website).    The issue for personal jurisdiction analysis, however, is

12  whether *Defendants* are responsible for the advertisement on www.usmenuguide.com , and

13  clearly *neither* of them are.   Defendants' baseless argument that "[r]egardless, Defendants

14  knowingly rely on such ads with the clear intent to confuse the public in California about the

15  relationship between Plaintiffs' California Gaylord restaurants and Defendants' Las Vegas

16  Gaylord restaurant" is as puzzling as it is silly because Defendants did not even know about the

17  ad until the commencement of this action.

18          Without citing any authority to support their position, Plaintiffs state "Defendant Gaylord

19  is owned and controlled by Defendant Koholi *sic* and hence for purposes of this issue Defendants

20  can be considered one and the same."   Plaintiffs' Opposition, p 4, lines 7-8.   This is clearly not

21  automatically the case.  *See*, for example, *Calder v. Jones*, 465 US, 783.   Therefore, even if the

22  Court were to conclude it has personal jurisdiction over Defendant Gaylord, LLC, it does not

23  automatically follow that it has personal jurisdiction over Plaintiff Kohli, all  of whose acts in

1  relation to the Nevada Restaurant were in his capacity as Managing Member of Gaylord, LLC, a

2  Nevada limited liability company, not in his personal capacity.  Supplemental Kohli Dec., ¶ 7.

3  **C.    Venue Is Not Proper in the Northern District of California**

4        Defendants have shown in their moving paper why venue is not proper in the Northern

5  District of California and therefore this action should either be dismissed or transferred to the

6  District of Nevada  *See* Defendants Motion to Dismiss/Transfer, pp. 13-15, line 9.

7        In support of its argument that venue is proper under Fed. R. Civ. P. 12(b)(3) Plaintiffs

8  first argue that

> "a substantial part of the events giving rise to the claim occurred in California, to
> wit, advertising in California by Defendants both causing *sic* and relying upon
> grossly misleading ads such as the Las Vegas Gaylord restaurant ad for the Rio
> Hotel in Las Vegas that actually displays Plaintiffs California Gaylord restaurant
> in Sausalito, CA.  There are many similar confusing ads that confuse the Las
> Vegas Gaylord restaurant with Plaintiffs California Gaylord restaurant."

Plaintiffs' Opposition, page 5, lines 18-24.

15        First, it is not even clear what "advertising in California" Plaintiffs are referring to in

16  above passage.  The "Las Vegas Gaylord restaurant ad for the Rio Hotel in Las Vegas that

17  actually displays Plaintiffs *sic* restaurant in Sausalito, CA" is presumably a reference to the ad on

18  www.usmenuguide.com, but Defendants have already shown that this ad was not placed by

19

20  either of them.    As to Plaintiffs' additional statement that "there are many similar confusing ads

21  that confuse the Las Vegas Gaylord restaurant with Plaintiffs sic California Gaylord restaurant",

22  Plaintiffs fails to identify any these ads or support its statement by Declaration, or even by way

23  of argument of counsel.    Indeed, it appears that Plaintiffs are simply making things up as they

24  go.

25

26        Plaintiffs confusing arguments do not stop there.  At section 3.2.3 at of Plaintiffs'

27  Opposition, Plaintiffs state that "Defendants argue that a website cannot serve as an "act or

28  transaction" in the forum state for venue relying on *Equidyne Corp. v. Does*, 279 F.Supp2d 481,

1  487 (D DE 2003)", which is true of the website that Defendant Gaylord, LLC does control,

2  namely, the website located at www.gaylordlv.com  Kohli Dec., ¶23   However, in support of its

3  position that "this argument is misplaced", Defendants strangely refer not to the website of the

4  Nevada Restaurant, which Defendant Gaylord, LLC controls, but apparently to the

5  www.usmenuguide.com website which neither defendant controls, and the "side-by-side

6

7  advertising of Defendants' Las Vegas Gaylord restaurants."

8       In support of its position that venue is proper in the Northern District of California,

9  Plaintiffs also argue that "'a substantial part of the property that is the subject of the action is

10 situated' in northern California since three of the five Plaintiffs' licensed or owned Gaylord

11 restaurants are located there."  However, according the complaint, this is a trademark

12 infringement action and the "property rights" at issue are Plaintiff Ajanta Corporation, Inc.'s

13 alleged *trademark rights*, not the three restaurants located in Northern California.  Plaintiffs'

14 twisted argument as to what property is at issue and where it is located cannot possibly support

15

16 venue in this case.

17 **D.    This Action Should Be Transferred to the District of Nevada for Convenience**

18      In their moving papers, Defendants explain why the relevant factors support a transfer of

19 this action to the District of Nevada for convenience. *See* Defendants Motion to

20 Dismiss/Transfer, pp. 15-20.     Rather than engage the issues, Plaintiffs merely say that

21 "[p]laintiffs' find the present court more convenient" and "[n]one of the Defendants arguments

22 are persuasive."     Otherwise, Plaintiffs utterly fail to address the factors relevant to determining

23 the propriety of transferring venue, except to make a vague, makeweight claim in the "Statement

24 of Relevant Facts" that "[p]laintiffs expect to call at least as many residents of California as

25 Defendants intends to call from Nevada" (all of whom are supposedly going to testify as to the

26 "damages caused by Defendants in California.")  Plaintiffs Opposition, ¶ 2.17,  page 3, line 24

27 through page 4, line 2   For its part, Defendants have thoroughly addressed each of the relevant

28 factors, including, amongst others, the location of operative events in the lawsuit, the

1  convenience of witnesses (which Defendants have identified with some specificity), as well as

2  the important fact that Nevada laws permeate the claims, prospective counterclaims and

3  defenses.    Since filing it initial moving papers, Defendants have obtained further evidence of

4  the key role Nevada law will play in the case. See Supplemental Kohli Dec., ¶6

5  **E.    Conclusion**

6        Defendants have demonstrated that this Court lacks personal jurisdiction over the

7  Defendants and that this action, in any event, should be transferred to the District of Nevada for

8  improper venue or convenience.    Plaintiffs have failed to rebut Defendants' arguments.

9  Accordingly, Defendants respectfully request the Court to dismiss this action or transfer the same

10  to the District of Nevada as requested in Defendants Motion to Dismiss/Transfer.

11

12

13  DATED: October 2, 2007

14

15  By_____

16  Gregory F. Buhyoff, Esq.
    GBuhyoff@weidemiller.com

17  Weide & Miller, Ltd.
    7251 W. Lake Mead Blvd.

18  Las Vegas, Nevada 89128

19  Attorneys for Defendants

20

21

22

23

24

25

26

27

28